## W. A. BURKHALTER v. MITCHELL AND McLENDON.

[64 Miss.. 967.]

1. SALES. *Conditional sales. Agreements constituting. Validity.*
   Where plaintiffs furnished the money to defendant with which to purchase a mule and took defendant's note for the amount of the loan with interest, the note reciting that the title to the mule remained in the plaintiffs until the note was paid, the mule was the property of the plaintiffs and they were entitled to take possession of it upon default in the payment of the note.

2. SAME.
   Contracts of this kind are enforced even against innocent purchasers for value without notice, where there is a *bona fide* and actual conditional sale.

APPEAL from the circuit court of Tallahatchie county. HON. N. A. TAYLOR, Judge.

Suit of replevin by Mitchell and McLendon against W. A. Burkhalter. From a judgment for plaintiffs, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. L. Cannon,* for appellant.

The testimony of every witness in the case conclusively shows that at the time Mitchell, appellee, attempted to retain title to the mule, he had no title. The testimony further shows conclusively that up to the day of trial, Mitchell had never, by purchase or otherwise, acquired any sort of title to the mule. The plaintiff Mitchell himself, summing up in answer to a question on cross-examination, makes this significant statement: "I said the transaction was made entirely in all its details between W. A. Burkhalter and Pleas Burkhalter; I had no part in it."

We ask again, how could Mitchell, by the mere flourish of a pen, retain a title he did not hold? The prior

vesting of title in him was the essential foundation without which any attempt to retain title was utterly void, and of no effect. We think this question has already been settled in this court by the case of *Parker* v. *Payne,* 95 Miss. 375, 48 So. 835.

In the Parker case, an appeal from a judgment in an action of replevin, in which the facts were very similar to the facts in the instant case, and in which the same question now under discussion was involved, FLETCHER, J., rendering the opinion of the court says: "In order for the seller to enforce his claim, he must be in fact the owner of the property, and make a *bona fide* sale thereof to a *bona fide* purchaser, by which sale the actual possession of the property shall be in truth changed."

We submit that, not only did the court commit reversible error in granting each instruction given plaintiff and in refusing defendants instruction number 2, but that it should have given the peremptory instruction requested by defendant. We submit that appellee has no standing in an action of replevin; that the judgment of the lower court should be reversed; and that judgment should be entered in this court for appellant. If we are mistaken as to the extent of the judgment to be rendered by this court, then, at least, the cause should be remanded to be tried on instructions properly presenting the issues as to plaintiff's title.

*Dinkins & Caldwell,* for appellee.

Counsel for appellant assumes that there is nothing in the record to show that either title or possession of the mule was ever actually in the appellee, the plaintiff in the court below, but the appellant had full authority to place the title in any person whom he wished, and this he did by his voluntary contract duly executed.

Our contention is, and the facts fully warrant it, that appellee furnished the money to purchase this mule for the appellant, who agreed that the title should be and

remain in the appellee until the purchase price was fully paid, and whether the mule was originally purchased from the appellee or some one else, the fact remains that the appellee furnished the money with which to make the purchase and the appellant agree that the title should vest and remain in appellee until this purchase price should be fully paid.

We, of course, recognize the law, as between an innocent third party and original parties to be different to that as between original parties to a contract. We know of no authority, nor has counsel produced any, that will permit a party to a contract, who acknowledges title of property to be in another, to deny such title when asserted against him. This question was not at all involved in the Parker case and we do not think it can be used as authority in the case at bar.

There are two principles which we wish to invoke and which we think will settle this case conclusively in favor of appellee. The principle that is elementary in its nature, that the terms of a written instrument cannot be varied by parol testimony as was stated by Judge CAMPBELL in *Cocke* v. *Blackbourn,* 58 Miss. 537, and approved by COOPER, C. J., in *Baum* v. *Lynn,* 72 Miss. 932: "Where parties embody their mutual agreements in a formal written instrument, it must be taken as containing all they then desire to preserve the evidence of and that it is not competent, afterwards, in a trial at law, to add to or substract anything from it, by parol evidence of something which it should have contained or omitted." *Milburn Gin Co.* v. *Ringold,* 19 So. 673.

It is not the province of courts to make contracts for parties who act *sui generis,* but will compel parties litigant, (adding to counsel for appellant's expression) "to stand hitched to the post whereto in former times they hitched themselves."

COOK, J., delivered the opinion of the court.

This is an action of replevin instituted by appellees against appellant to recover possession of a mule. There was a verdict and judgment for plaintiffs in replevin, and defendant appeals.

On the 7th day of February, 1908, appellant, W. A. Burkhalter, who was a customer of Mitchell & McLendon, merchants doing business at Enid, applied to them for money with which to purchase a mule, stating the price at which one could be obtained from his cousin, Pleas Burkhalter; Mitchell, acting for the firm, agreed to let him have one hundred twenty dollars with which to purchase the mule, and prepared and appellant signed a note for one hundred thirty-two dollars to cover the principal and interest, in which note the title to the mule was retained, whereupon Mitchell issued a check, probably payable to the appellant, for the one hundred twenty dollars, which he, appellant, delivered to Pleas Gurkhalter and received the mule. The note was in words, etc., as follows: "$132.00. Enid, Miss., 2/7/1908. Nov. 1st after date I promise to pay to Mitchell & McLendon at Grenada Bank, Grenada, Miss., one hundred thirty-two and no/100 dollars, with ten per cent. interest per annum from maturity till paid. If this note is placed in the hands of an attorney for collection, the makers and endorsers hereof agree to pay the holder hereof an attorney's fee of ten per cent. upon the amount due, demand, protest and notice waived, for one mouse-colored mule, three years old, title remaining in Mitchell & McLendon until this note is paid. W. A. Burkhalter."

It is contended by appellant that the relationship between appellant and appellees was that of debtor and creditor, and at most the note created an equitable mortgage, which could only be enforced by resort to a bill in equity for the foreclosure of same, and in no event was appellee entitled to the possession of the mule.

*Payne* v. *Parker,* 95 Miss. 395, 48 So. 838, is cited to sustain this contention. In this case the alleged conditional sale rested in parol, and the contest was not between the alleged conditional seller and conditional buyer of the property in controversy, but between the alleged seller, or owner, and the trustee of a deed of trust executed to secure a *bona fide* indebtedness of the alleged purchaser of the property. Neither the *cestui que* trust nor the trustee had any notice of the conditional sale. This court merely held that as between the trustee and the alleged conditional seller the alleged sale and retention of title was at most a mortgage of which the trustee had no notice, actual or constructive.

In the instant case the contest is between the maker and the payee of the note, which upon its face shows that the money the maker promised to pay was the purchase price of the mule in controversy, and that the title to same should remain in the payees until the note was paid. It is the settled law of this state that contracts of this kind are enforceable even against innocent purchasers for value without notice, where there is a *bona fide* and actual conditional sale.

The parties to this contract agreed to treat the transaction as a conditional sale, and for the purposes of the contract the mule was the property of the payee, and in case the promisor did not pay the borrowed money when due, it was the understanding that the firm advancing the money would have the right to take possession of the mule and enforce the payment of the money remaining unpaid.

We know of no rule of law, or principle of public policy forbidding this sort of contract, and we can see no reason why it should not be valid and binding on the parties thereto. Indeed, it seems to us that good faith and good morals demand that the agreement between the parties should be enforced by the courts.

*Affirmed.*