## HARRISON *v.* BROADWAY MOTOR CO.

[91 South. 453. No. 22549.]

SALES. *Seller of automobile in another state may recover possession in this state as against innocent purchaser for value without notice; doctrine of caveat emptor applies.*

A Tennessee seller of an automobile with retained title may recover possession of the car in this state as against a subsequent innocent purchaser for value without notice, except where seller authorizes, express or implied, a resale of car by vendee; *caveat emptor* applies.

Appeal from circuit court of Itawamba county.

HON. C. P. LONG, Judge.

Suit by the Broadway Motor Company against C. C. Harrison. Judgment for plaintiff, and defendant appeals. Affirmed.

*I. L. Sheffield* and *I. L. & J. E. Rankin,* for appellant.

It seems to me that the case at bar falls within the doctrine announced by our court in the case of *Columbus Buggy Co.* v. *Turley,* 73 Miss. 529; the car was bought by Karo-Holmes Motor Co. to be resold; hence the subsequent owners thereof who bought without notice and for value received, should be and are protected from any and all claims of previous sellers. It is true that the contract in the case at bar did not permit expressly the first purchaser, C. E. Mooney, to sell the car but the law is that where goods are bought to be resold, as Karo-Holmes must have thought, it would be an imposition upon the public to permit some remote vendor to recover the same by having an unrecorded retain-title note as the Broadway Motor Co. had in this case. Burdick on Sales (2 Ed.), pages 187 to 189. Also 1 Benjamin on Sales, sections 448, 449,

4th Am. Ed.  Each of the authorities also holds that a party intrusted with the possession of goods and the *indicia* of ownership or of authority to sell or otherwise dispose of them, in violation of his duty to the owner, sells to an innocent purchaser, the sale will prevail against the right of the owner.  See in support, also 58 Ala. 165.

The first sellers, appellants, made the sale to C. E. Mooney in Nashville, Tenn., and took a retain-title note for the balance due on the purchase price.  The car was owned by other parties in Tennessee and finally came into the hands of an automobile dealer in Memphis in Tennessee and then it crossed the state line.  Our courts have held in a number of cases where cotton was shipped by boat from this state to points in other states, that all liens, though valid in this state and of record where necessary, ceased when the property crossed the state line.  75 Miss. 150; 70 Miss. 649 and 587.  No extra-territorial effect was given our statute, and for the same reason it seems that no effect should be given the statute of Tennessee, especially after the property has passed through the hands of a dealer in that commodity.

It seems to me also that the party who made it possible for injury to result to the public by placing this man, Mooney, in the possession of the car, thereby giving him the *indicia* of ownership in case of damage or injury, should be the party to suffer.  He made it possible for Mooney to perpetrate the fraud, I think.

It would seem that in the interest of the commercial world a man who buys goods which have been delivered to and sold by a dealer in that specific thing, that man so buying should be protected.  Otherwise a man will never know when he will be protected, and the commercial world will suffer as a result.

I think the judgment should be reversed and judgment rendered for appellant, C. C. Harrison.

*Paul D. P. Spearman,* for appellee.

Appellant insists that the judgment of the lower court should be reversed in keeping with the ruling in *Columbus Buggy Co.* v. *Turley et al.,* 75 Miss. 529, but appellee is convinced that this holding is not the law which is to govern this case. In this ruling the court had under consideration the retention of title where the goods were sold with the express intention that they were to be resold. Appellee did not sell the car in question in this suit for resale, therefore the case of *Columbus Buggy Co.* v. *Turley, et al., supra,* cannot be authority for a reversal of the judgment of the court below. It seems that this ruling from its construction and the logical reasoning from a final conclusion is reached as authority for an affirmation of the instant case, since from implication it is readily seen that the court held as it did purely and simply because the goods were sold for resale, which question does not arise in this suit.

Appellant cites authority that extra-territorial effect is not given in regard to liens. This, appellee admits is the law. We, however, are dealing with something that is much more than a lien on property in this appeal. There can be no comparison as between a lien on property and the title in and to same. Title is paramount and far superior to a lien. The supreme court of Alabama said in *Cable Piano Co.* v. *Estes,* 89 So. 372: "Reservation of title in the seller is more than a lien and prevents title vesting in the purchaser till purchase price is paid in full." This rule is the law of this state and is applicable to the appeal herein.

It is well settled and never disputed that no one can convey a greater or better title than he possesses. This being true, the logical and only way of arriving at appellant's contention is to say, appellee never parted with title to C. E. Mooney; Mooney having no title vested in him, could not convey title to Karo-Holmes Co., and they for the same reason could not and did not convey title to

Calloway Wilson. This is not only supported by reasoning, but also by the conditional sales law of Tennessee, since all these transactions occurred in that state. Did Calloway Wilson, who had no title in Tennessee, have title vested in him by removing the car into this state? Appellee is convinced that an unlawful act will not give title as this removal is in direct violation of the law of Tennessee Shannon's Tenn. Code, section 3670a2, and the supreme court of Tennessee has even gone farther than this in holding that fraudulent intent is not even an element of the offense, but the simple removal constitutes the offense, putting the burden on one removing to investigate the question of retained title. See *Papas* v. *State,* 8 Thompson (Tenn.) 409.

Whether Wilson had actual or constructive notice of the retention of title or not, he was guilty of violating the penal code of the state of Tennessee. Now, Wilson, a criminal under the law, having no title in the place where he purchased, did he convey a good and valid title to appellant herein? This is the sole question of merit before this court.

This question, having never been passed upon or determined by this court, forces us to look to other jurisdictions for authorities in point. 12 C. J. 474, lays down this rule: "If an incident to a contract a person has acquired under a statute in one country a lien of movables, such lien will be recognized as against the lienor in another jurisdiction to which the property is subsequently removed. But no extraterritorial effect will be allowed if it would operate prejudicially to the rights of others in the country where it is asserted."

Certainly this could not operate prejudicially to any one in this state for the rules already stated. *Burkhalter* v. *Mitchell & McLendon, supra.* In this ruling it was clearly held that appellant could have no right whereby to be prejudiced. 35 Cyc. 669, under the heading, Sales or Removal of Property, we find this: "The buyer under a contract of conditional sale cannot as a general rule de-

prive the sellor of his property in the goods by an unauthorized removal thereof or by an unauthorized sale of the goods to a third person, and this rule is supported by *Dantec Casket Co.* v. *Gunnison,* 69 N. H. 297, 45 Atl. 318, 12 C. J. 438 (par. 11) 2 and note 39; 24 R. C. L. 453."

For further authorities on the question of extraterritorial effect, appellee respectfully calls the attention of the court to 24 R. C. L., pages, 454, 455 and 458, under paragraph Nos. 751, 752 and 754.

Taking into consideration, the great weight of authority both of this and other jurisdictions, appellee is forced to believe that the judgment of the lower court should in all things be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is a replevin suit instituted by the appellee, Broadway Motor Company, against appellant, Harrison, to recover the possession of a Dodge automobile, the title to which had been retained in appellee for the balance of the purchase price; and from a judgment in favor of the appellee this appeal is prosecuted.

The controversy arises from the following state of facts: The appellee, Broadway Motor Company, at Nashville, Tenn., sold to one Mooney the Dodge automobile here involved, and retained title to the car for the balance of the purchase money due under a conditional sale. The balance of the purchase money was unpaid.

Mooney, the first purchaser, took the car to Memphis and sold it to Karo-Holmes Company, a concern engaged in selling automobiles to the public; this company sold the car to one Calloway Wilson, a traveling salesman, who in turn sold it to C. C. Harrison, appellant herein.

The appellee, Broadway Motor Company, after considerable search, located the car in the possession of appellant, Harrison, in Itawamba county, Miss., where this suit of replevin was started and recovery had for possession of the car.

The appellant contends that the judgment of the lower court should be reversed upon the ground that the appellant was an innocent purchaser for value in Mississippi, and that the title of the appellee must fail because the courts of this state will not give extraterritorial effect to a lien created in another state; and, second, that Wilson, the purchaser from Karo-Holmes Company, a public dealer in Memphis, obtained a good title to the car, and consequently the subsequent vendee, appellant Harrison, secured a good title as against the appellee, original seller —the case of *Columbus Buggy Co.* v. *Turley,* 73 Miss. 529, 19 So. 232, 32 L. R. A. 260, 55 Am. Rep. 550, being cited and relied upon to support his position.

We are unable to agree with the contention of appellant, for the reason that the appellee did not rely upon a Tennessee lien, but relied upon his title to the car to sustain him in recovering the possession thereof. The vendor of personal property can only convey such title as he has, and if the title be in another he conveys none, and the purchaser gets no title. This is also the rule in Tennessee.

Innocent purchasers for value without notice are not protected in this state or Tennessee against the owner of personal property. *Burkhalter* v. *Mitchell,* 107 Miss. 92, 64 So. 967. The first vendee, Mooney, got no title to the car, nor did any of the subsequent purchasers, because Mooney had no title to convey; the ownership of the car remained at all times in the appellee seller. Certainly the owner of an automobile may follow it into this state and here enforce his right to possession as against a *bona-fide* purchaser for value without notice the same as could be done between resident citizens of our state. Ownership of personal property is not required to be registered in this state, nor Tennessee, and the rule of *caveat emptor* applies.

But it is urged that the *Columbus Buggy Case, supra,* is in the way of a decision for appellee here, because the Karo-Holmes Company of Memphis sold the car to Wilson in the course of its business of selling automobiles to the

public. The defect in the argument of counsel, in claiming this case is applicable, is that in the Columbus Buggy Case the buggies were sold to the vendee for the purpose of resale. The seller conferred the right upon the purchaser, the buggy company, to resell the buggies to the public, and thus having authorized the sale the owner, by virtue of a retained title, could not assert his right of title as against a *bona-fide* purchaser from the buggy company.

The case at bar is different, in this, that the original seller, with retained title, Broadway Motor Company, appellee, not only did not confer the right or authorize the Karo-Holmes Company to resell the automobile here in question, but the appellee had no knowledge of, nor did he in any way consent to, the purchase by the Karo-Holmes Company or the sale by it to the vendee Wilson. The difference between the two cases is obvious.

Therefore we are of the opinion that the appellee seller, with retained title, could follow his car through the hands of any number of innocent purchasers, whether they be engaged in the public business of selling cars or not, and reclaim possession of it when found. This being true, there is no error in the judgment of the trial court, and it is therefore affirmed.

*Affirmed.*