UNITED STATES MOTOR TRUCK CO. *v.* SOUTHERN
SECURITIES CO.

[95 South. 639. No. 23066.]

SALES. *Conditional sales held valid; title reserved in conditional seller good against purchaser for value; fact that property under conditional sale placed in stock by buyer in violation of agreement held not sufficient to support verdict for purchaser of original buyer.*

It is lawful in this state to sell property conditionally, reserving title in the seller until property is paid for, and such reserved title will enable the seller to retake the property from a purchaser for value, without notice unless the proof shows that the buyer was buying it for resale; and the fact that property so sold was placed in stock by the buyer will not support a verdict for a claimant who bought from the original buyer, where the

contract between the original parties stipulates that such property shall not be sold, used or removed from a designated place without the written consent of the seller, and where there is no proof that the original seller so consented, and where the sign statute (section 3128, Hemingway's Code; section 4784, Code 1906) is not shown to have been violated.

Appeal from the circuit court of Lauderdale county.
HON. J. D. FATHEREE, Judge.

Proceedings between the United States Motor Truck Company and the Southern Securities Company. From the judgment rendered, the former appeals. Reversed and judgment rendered.

*J. M. McBeath,* for appellant.

The plaintiff in this case has tendered a bill of sale which holds that the title remains in the plaintiff until all said notes are paid, and if the claimant is entitled to recover under these conditions of the bill of sale, he must show that he seized the proper car, got a judgment against it, and that the car that he seized and the car he has a judgment against is the same car. That has not been done. and I asked the court for a peremptory instruction for the plaintiff.

We submit that this should have been sustained. The claimant to show by the circuit court records of Lauderdale county that the title to this truck was divested out of the said J. M. Broach and into Southern Securities Company. The Southern Securities Company has not proved its title but has wholly failed. They have not better title than that they got by the suit of *Southern Securities Company* v. *Broach, et al.,* and in this case they sold a three and one-half ton lumber truck No. 14226 and levied on same for the purchase money and surely this proceeding will not give them title to a United States Motor Truck No. 4226, Model "J", Engine No. 14036 and for this reason we submit that the court erred in giving judgment for

the claimant but this judgment should be reversed and judgment entered for appellant.

*S. M. Graham,* for appellee.

The testimony of witnesses S. M. Graham, record page twenty-two positively identifies the truck seized and sold by Sheriff Martin under execution and bought by appellee at execution sale and stored by appellee with Compress Co., as being the identical truck in dispute here, and in answer of the Compress Co., record page four, it is admitted that the truck was covered by storage receipt number 2007, issued to Southern Securities Co., appellees here. So we submit that identification of the truck is positive apart from any number.

. Further we submit that it is elementary, that plaintiff must recover on the strength of its own title if at all and not upon the defects of claimant's title. And since plaintiff let Daniels, as a trader, get possession of this truck for resale, that plaintiff thereby waived its title or lien thereon and is estopped from claiming this truck as against appellee. *Citizen Saving & Investment Co.* v. *Hunt's Garage,* 91, So. 133.

We submit that the truck in dispute is sufficiently identified as the truck bought by appellee and stored with Compress Co., under receipt number 2007 and the trial court correctly held that the truck in dispute was the property of appellee and the judgment should be affirmed.

Ethridge, J., delivered the opinion of the court.

The appellant sued out a writ of replevin in the circuit court against the Churchill Compress Company, alleging that the said defendant was wrongfully in the possession of one United States motortruck No. 4226, model J, engine No. 14036, of the value of nine hundred dollars, and that the plaintiff is entitled to recover the same. The compress company filed an answer, and states that said truck

was stored in its warehouse by the Southern Securities Company, and for which the Churchill Compress Company issued its warehouse receipt No. 2007, and that said warehouse receipt had not been redelivered to it, but that said motortruck was taken from its possession by the sheriff by virtue of the writ of replevin, and that the motortruck was delivered to the sheriff upon his demand in serving the writ, and asked to be dismissed, with its costs.

The Southern Securities Company, claimant, filed its claim, and with it a plea that the plaintiff sold and delivered the property in suit to the W. H. Daniels Auto Company, a trader, for the purpose of resale by the Daniels Auto Company in the regular course of its business, and that said truck was placed on sale on the salesroom floor of the W. H. Daniels Auto Company at Meridian, Miss., and was sold by it as dealer to J. M. Broach, and bill of sale executed, in which said auto company retained title to the said auto truck in the said Daniels Auto Company until the truck was fully paid for and that said Daniels Auto Company then sold the note and bill of sale to claimant herein in due course of business for valuable consideration, without notice of any rights of the plaintiff herein; that default was made in the payment of the said notes, and the claimant sued Broach on said notes, and secured judgment against said J. M. Broach and against said motortruck to satisfy said purchase money lien, which judgment was executed and the motortruck sold by the sheriff under execution and bought in by the claimant at the sheriff's sale and stored with the defendant herein; and that plaintiff is now estopped from recovering said property. To which plea issue in short was taken by the plaintiff.

A jury was waived, and the cause tried before the circuit judge. The plaintiff offered a contract of conditional sale between appellant and the W. H. Daniels Auto Company of Gulfport, which contract recited a consideration cash paid of eight hundred forty-five dollars and forty-five cents and a promissory note for two thousand, one hundred

forty-four dollars and six cents, reserving the title to the truck in the seller, the appellant, to secure the unpaid purchase money, which said contract contains, among other things, the following:

"The purchaser hereby covenants that while said note, or any interest thereon, remains unpaid, said motor vehicle shall be located at ——.—— street, city of Gulfport, state of Mississippi, and shall not be removed therefrom except for the installation of body; then same must be returned to said premises within thirty (30) days thereafter; that said motor vehicle shall not be sold, let, assigned, incumbered, used for hire, or for demonstration, or operated under its own power, or disposed of in any way without the written consent of seller, and said motor vehicle shall be kept up and maintained in good condition and repair, free of all liens, charges, and all taxes now or hereafter levied upon said motor vehicle, or against the seller by reason of ownership thereof.

"Should the purchaser fail to keep the said motor vehicle as above specified, or if for any reason the seller should deem itself insecure, then the seller may at its option declare the note due and payable, and the same shall thereupon become due and payable; should the purchaser refuse or fail to pay said note and interest or any extension thereof at maturity, or upon demand in accordance with the terms of this contract, or should purchaser fail to keep the said motor vehicle as specified herein, or should the seller for any reason deem itself insecure, the purchaser shall, on demand by the seller, forthwith deliver to the seller the motor vehicle in as good condition as when received by the purchaser, and should the said purchaser fail or refuse upon demand to deliver said motor vehicle to the said seller, then it shall be lawful for said seller to retake the same wherever found, and for such purpose the purchaser hereby licenses and authorizes the seller to enter any premises of the purchaser, with or without process of law, and forthwith take possession of the said motor vehicle.

"In case the seller shall repossess itself of said motor vehicle by reason of any default or upon any condition above specified, it is agreed that all payments made by said purchaser upon said note shall be retained by seller as liquidated damages for the nonfulfillment of this agreement, and for loss in value of said motor vehicle, and for rental thereof. The seller may, however, at his option, sue upon said note, and no suit or legal proceedings with respect there to shall be deemed as a waiver of the seller's rights to retake possession of aid motor vehicle. Upon retaking possession of said motor vehicle the seller may, at any time thereafter, without notice to the purchaser, sell the same, and credit the net proceeds realized from such repossession and sale on the amount due or to become due under the terms and conditions of this contract."

The claimant introduced a witness who worked with the Daniels Auto Company at Meridian, but who was not connected with the Gulfport office, who testified that the truck in question was the only three and one-half ton truck of this make handled by the Daniels Auto Company at its Meredian office, and that same was sold to Broach, and further testified that no cars or trucks were unloaded at Meridian, but that all cars and trucks sold were brought from Gulfport to Meridian. He also testified that other trucks of the United States Motor Company were sold in the business of the Daniels Auto Company at Meridian, Miss.

There was further proof that the truck was seized by the Southern Securities Company under a proceeding to enforce the note given by Broach to the Daniels Auto Company, and that it was sold under execution on a judgment of the circuit court at the March term, 1921, said cause being No. 244, and styled *Southern Securities Company* v. *J. M. Broach and W. H. Daniels.Auto Company*. The property condemned in that suit is described in the judgment as follows:

"It is therefore ordered and adjudged that the seized property described as one United States three and one-half-ton lumber truck, serial No. 14226, be and is condemned for sale by the sheriff for the satisfaction of this judgment and all costs of said sale to be made according to law, for all of which let execution issue."

The other proceedings in the said suit were not introduced in evidence.

The attorney for the claimant, who was also attorney for the plaintiff in the suit of *Southern Securities Company* v. *Broach and the Daniels Auto Company,* testified that the car in the present suit was the same car that was seized and sold in the former suit. The sheriff testified to making the sale, but did not remember the number of the truck nor the details of the transaction.

There was a motion by the plaintiff and also one by the claimant to exclude the evidence of the other and for a judgment. The court overruled the plaintiff's motion and sustained the claimant's which in our judgment was erroneous.

It is settled in this state that it is permissible for a person to make a conditional sale, reserving title until the payment of the purchase price, and on default may seize the property even in the hands of a *bona-fide* purchaser for value, without notice. *Ross-Mechan Brake Shoe Foundry Co.* v. *Pascagoula Ice Co.,* 72 Miss. 608, 18 So. 364, and authorities therein cited. It is also held that there is a conditional sale where the title of the property is reserved as security for the debt. *Hunter* v. *Crook,* 93 Miss. 812, 47 So. 430.

The seller in a conditional sale may assert his title against the buyer and those claiming under him in the absence of evidence that he knew the buyer was a dealer in articles of the character of the one sold and bought to resell. *Fairbanks Co.* v. *Graves,* 90 Miss. 453, 43 So. 675.

It is the contention, however, of the appellee that the property was sold to the Daniels Auto Company for re-

sale, and that the principles announced in *Columbus Buggy Co.* v. *Turley,* 73 Miss. 529, 19 So. 232, 32 L. R. A. 260, 55 Am. St. Rep. 550, apply to this case.

There is no proof to sustain the contention of the claimant that the property was sold to the W. H. Daniels Auto Company for the purpose of resale. The clause in the contract set out above expressly stipulates that the property shall not be sold, positively negativing any authority in the Daniels Auto Company to sell the truck or place it in its stock for resale. No person who had anything to do with the contract between the appellant and the Daniels Auto Company is introduced to show anything contrary to the terms of the contract, if indeed that could be done under the pleadings in this case. There is no allegation nor proof that the sign statute was violated as in the case of *Columbus Buggy Co.* v. *Turley, supra.* See, also, *Watts* v. *Ainsworth,* 89 Miss. 40, 42 So. 672, 119 Am. St. Rep. 700; *Young* v. *Salley,* 83 Miss. 362, 35 So. 571.

Reversed, and judgment here for the appellant.

*Reversed.*