Richton Overland Co. *v.* McCormick Motor Car Co.*

(Division A.   Nov. 7, 1927.)

[114 So. 387.   No. 26612.]

Sales.   *Bona-fide purchaser from buyer on conditional sale, though parting with possession before notice, held liable to account to original seller for value of interest.*

A *bona-fide* purchaser of a car from a buyer on conditional sale, though parting with possession thereof before receiving notice of

the original seller's claim, is liable for the value of its interest in the machine.

*Corpus Juris-Cyc. References: Sales, 35Cyc, p. 680, n. 7.

APPEAL from circuit court of Perry county.
HON. R. S. HALL, Judge.
Action by the McCormick Motor Car Company against the Richton Overland Company.  Judgment for plaintiff, and defendant appeals.  ·Affirmed.

*C. C. Smith,* for appellant.

There is a question in this case that does not seem to have ever been decided by this court, which is vital to automobile dealers; namely, is a person liable for conversion who trade for an automobile, or any other property, in good faith, and without notice of a retained title note, and the property then is destroyed or gets beyond the reach of the holder of the note?

It is our contention that one cannot be liable.  A retained title note is only a lien, the same as a chattel mortgage.  This was so held in *J. A. Broom & Sons* v. *S. S. Dale & Sons,* 109 Miss. 52, 67 So. 659; and *Bankston* v. *Hill,* 98 So. 689, and is the law now in this state.

I will concede that if appellant had had notice of the retained title note and had gone ahead and traded for the car, then it would have been liable, but there was no notice and there was nothing in the transaction that would tend to put the appellant on notice.  Gordon who had been put in possession of the car by the appellee denied that there was anything against the car when he was asked at the very time the car was traded for by appellant.  *Malone Motor Co.* v. *Green,* 105 So. 897 (Ala.), seems to hold that notice is necessary.

*A. R. Shoemaker,* for appellee.

It is immaterial whether or not the Richton Overland Company knew that the McCormick Motor Car Com-

pany held and retained title to the car in question. Suffice it to say that the agreed statement of facts shows that the appellee at the time of the sale by Gordon to appellant not only held title under its conditional sales contract to the car, but it may be noted in addition that as the due date of the first note had then passed, appellee had also the right of immediate possession of the car.

Moreover, it may be reasonably asked if after all, appellant did or did not have at least constructive notice of appellee's lien and title, for according to the agreed statement of facts, the McCormick Motor Car Company and the Richton Overland Company were not only in the same town but situated only one block apart, and the McCormick Motor Car Company was a Ford dealer and the only Ford dealer in the town. And, aside from the record, the reasonable inference is that appellant must have known that the McCormick Motor Car Company was not only in the business of selling Ford cars, but of selling them on credit and retaining title thereto, as in the instant case. It is held in the Alabama case cited by appellant, *Malone Motor Company* v. *Green,* 105 So. 897, on this very point, that "the means of knowledge is the equivalent of knowledge, and whatever is sufficient to put one on inquiry is sufficient to charge him with notice of everything to which the inquiry would lead."

But notice or want of notice would make no difference. "The intention required is simply an intent to use or dispose of the goods, and the knowledge or ignorance of the defendant as to their ownership has no influence in deciding the question of conversion." Bouvier's Law Dict., Vol. 1, defining Conversion, and quoting: 3 Ired. 29; 4 Denio, 180; 30 Vt. 307; 11 Cuch. 11; 17 Ill. 413; 33 N. H. 151. Also, see, *Black* v. *Robinson,* 62 Miss. 68; *Kellogg et al.* v. *Hamilton,* 10 So. 479; *Jennins* v. *Wilson,* 14 So. 259; *Williams* v. *Williams,* 23 So. 291; *Zimmer-*

*man Lbr. Co.* v. *Elder,* 29 So. 466; *Parker* v. *Payne,* 48 So. 835.; *Burkhalter* v. *Mitchell & McLendon,* 64 So. 967

Under the holding in *Blankston* v. *Hill,* 98 So. 689, the McCormick Motor Car Company would have had a clear right to repossess the car from Hill or from any other person in possession thereof, however innocently that possession may have been obtained. Why then should not appellee have a right of action against appellant for conversion for the value of the property, agreed upon as one hundred twenty-five dollars? *Johnson* v. *White,* 13 S. & M. 584; *Crump* v. *Mitchell,* 34 Miss. 449; *Mason* v. *O'Brien,* 42 Miss. 420; *Glaze* v. *McMillan,* 7 Port. 279; *Corbitt* v. *Reynolds,* 68 Ala. 379; *Broyles Stove, etc., Co.* v. *Hines, Director General,* 87 So. 19.; *McCord* v. *Rumsey,* 95 So. 268; *Wilson* v. *Caldwell,* 95 So. 337; *Hodges* v. *Westmoreland,* 96 So. 573; *Story* v. *Robinson,* 99 So. 917; *Albertville Trading Co.* v. *Critcher,* 112 So. 907.

The legislature had not yet followed the suggestion of the court as contained in the case of *Fairbanks* v. *Graves,* 90 Miss. 53, however wholesome such a change would be.

SMITH, C. J., delivered the opinion of the court.

The appellee sued the appellant in the court of a justice of the peace to recover the principal and interest on two notes executed to it by Gordon and attorney's fees provided in the notes to cover the cost of collection.

Both notes recite that they were given as part of the purchase price of an automobile, and that title to the automobile was retained by the appellee until the notes should be paid, and provide that, if "not paid at maturity, then, at the option of the holder of the note, all of said series of notes shall become due and payable at once, and the said McCormick Motor Car Company, Inc., or the holder of this note, shall have the right to repossess said automobile," etc.

In due course, the case reached the court below, and, by agreement, was there tried without a jury, on an agreed statement of facts, from which it appears that one of the notes executed by Gordon to the appellee was due on December 10, 1925, and the other on February 6, 1926. On December 15, 1925, the appellant sold an automobile to Gordon, and received from him the automobile purchased by him from the appellee in part payment thereof. The appellant was without notice of the appellee's interest in the automobile. Gordon advised it that there were no liens on the automobile, and that it had been fully paid for. Thereafter, the date of which does not appear, but before the appellant had any knowledge of the appellee's interest in the automobile, the appellant sold the automobile to Matthews. Neither Matthews nor the automobile can now be located. The notes due by Gordon to the appellee have not been paid, and both were past due when this suit was begun. They were not recorded in the chancery clerk's office, nor was any other instrument recorded therein setting forth the contract by which the appellee sold the automobile to Gordon. The value of the automobile, when sold by the appellant to Matthews, was one hundred twenty-six dollars.

Judgment was rendered for the appellee, from which the appellant has brought the case to this court.

This court has repeatedly held that a sale of a chattel on condition that the property therein shall remain in the seller until the price is paid is valid against a third person claiming under the buyer, although the contract of sale was not recorded, and such third person was without notice thereof.

Counsel for the appellant admit that, if the automobile sold by the appellee to Gordon was now in the appellant's possession, the appellee could maintain replevin therefor, but they say that the appellant is not liable to account to the appellee for the value of its interest in the automobile, for the reason that it parted with the pos-

session thereof before receiving notice of the appellee's claim thereto. This is the only question raised by counsel for the appellant, and this opinion will be limited thereto.

Gordon had an interest in the automobile, which he could transfer to another, but he was without power to sell the entire property therein; consequently the purchase of it from him, by the appellant, invested it with no such power, and, when it disposed of the automobile, it was guilty of a wrongful conversion thereof, notwithstanding its ignorance of the appellee's title thereto (38 Cyc. 2024) for which the appellee is entitled to recover.

*Affirmed.*