# MITCHELL *v.* WILLIAMS.

(Division B.  Nov. 11, 1929.)

[124 So. 430.  No. 28087.]

**J. M. Morse, Jr.**, of Poplarville, and **W. E. Morse**, of Jackson, for appellant.

345

John C. Street, of Poplarville, for appellee.

Argued orally by **W. E. Morse**, for appellant, and by **John C. Street**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This litigation originated in the justice of the peace court, where G. H. Williams sued out a writ of replevin for the possession of a car which had been sold to one E. A. Smith on deferred payment plan; title being reserved in the seller until complete payment had been made. At the time of the sale to Smith, G. H. Williams, the plaintiff, was engaged in the business of selling automobiles in the city of Bay St. Louis, Miss., under the trade-name of the Gulf Chevrolet Company. Shortly after the sale to Smith by Williams, Williams sold his business to another person by the name of Frierson, and it appears that, after Frierson had bought the Chevrolet business from Williams, Smith went to Frierson and traded the car purchased from Williams in as part payment for another car, without disclosing the reserved title and the deferred payments yet to be paid on the car. Thereafter Frierson sold to Harve Mitchell the car upon which Williams had a reserved title, and it appears that Mitchell had no notice of the fact that Williams had a reserved title to the car for the unpaid purchase money, or any notice that the car was not paid for. Several months after Mitchell bought the car from Frierson, Williams sued out the writ of replevin and seized

the car. In the affidavit for replevin, Williams valued the car at one hundred seventy-five dollars but at said time there was two hundred eighty dollars still due from Smith upon the purchase price of the same.

It appears that Frierson, in selling the car to Mitchell, used the name of the Gulf Chevrolet Company, and at other times he used the name of Frierson Chevrolet Company for his business. There is no evidence that the Gulf Chevrolet Company was a corporation, but, on the contrary, the testimony of Williams is that he was doing business as an individual under that trade-name. The judgment was for Williams in the court below, from which this appeal is prosecuted.

It is argued for the appellant that the reserved title contract is in effect only a mortgage, and as it was not recorded in the county records, and as Mitchell had no notice of its existence, that he is protected as bona-fide purchaser. This contention is not sustained by the law of this state. See Harrison v. Broadway Motor Company, 128 Miss. 766, 91 So. 453, 25 A. L. R. 1148; Burkhalter v. Mitchell, 107 Miss. 92, 64 So. 967; United States Motor Truck Company v. Southern Securities Company, 131 Miss. 664, 95 So. 639; Richton Overland Company v. McCormick Motor Car Company, 148 Miss. 616, 114 So. 387.

It is next contended that the plaintiff is estopped to maintain the suit as against Mitchell because, after learning that Mitchell had possession of the car, he did not take prompt steps to secure its possession, but waited several months to do so, during which time Mitchell paid Frierson for the car. There is no showing that Williams had knowledge, at the time that Mitchell bought the car from Frierson, that he was doing so, or that Frierson was in possession of the car, with knowledge of the outstanding payments. In other words, there is nothing to show that Williams did anything to the injury of

Mitchell when Mitchell was purchasing the car. Under the cases above cited, Mitchell was bound to know at his peril the facts of the outstanding title. The doctrine of caveat emptor applies to this transaction. We do not think he was estopped, under the facts in this record, to maintain the suit.

It is next contended that the car was of greater value than two hundred dollars; and, as the suit was instituted in a justice of the peace court, that the circuit court should have dismissed the suit because of fraud in securing the jurisdiction or action of the justice of the peace court. Proof from a number of witnesses was that the car was worth about three hundred or three hundred fifty dollars, and that the debt or unpaid purchase price outstanding was two hundred eighty dollars. No motion was made, however, to dismiss it on that ground, and no proof was offered to show that the plaintiff willfully undervalued the car for the fraudulent purpose of giving the justice of the peace court jurisdiction. Williams, however, testified that in his opinion the car was worth, at the time of the institution of the replevin, suit, less than two hundred dollars. The record does not make a case of knowingly and purposely undervaluing the property for the purpose of giving jurisdiction to the justice of the peace court, and this, we think, is necessary for the position to be sustained.

The judgment of the court below will therefore be affirmed.

Affirmed.