AMERICAN INDEMNITY CO. *v.* ALLEN, FOR USE AND BENEFIT
OF COMMERCE UNION BANK.

(*Nashville*, December Term, 1939.)

Opinion filed April 6, 1940.

TRABUE, HUME, DAVIS & GALE and REBER BOULT, all of Nashville, for plaintiff in error.

GOODPASTURE & CARPENTER, of Nashville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This suit was instituted in the General Sessions Court at Nashville by Robert Allen, Jr., for the use and benefit of Commerce Union Bank, of Gallatin, against the American Indemnity Company, to recover $322.70 on a policy of fire insurance. Judgment for that sum was entered in favor of defendant in error in the General Sessions Court, the Circuit Court, and the Court of Appeals. The bank, being the owner of the right and title note which Robert Allen, Jr., executed when he purchased a new Dodge coupe, procured a policy from plaintiff in error insuring said automobile against fire in the sum of $500, for which it paid the premium of $39.50 and received the policy. The automobile was subsequently burned, at which time the balance of purchase money due thereon to the bank was $322.70. The suit was defended upon the ground that when the policy was issued Robert Allen, Jr., named as insured therein, had transferred his

interest in the automobile to his brother, and, therefore, was not the owner and had no insurable interest therein. It is conceded that the conditional vendee, Robert Allen, Jr., cannot recover on the policy, and the insurer contends that the rights of the bank are no greater than nor different from that of the insured. Counsel for the bank insist, as was held by the other courts, that under the terms of the policy the rights of the bank do not depend upon those of Robert Allen, Jr. The provision of the policy upon which the insurer relies is as follows:

"Except as to any lien, mortgage, or other encumbrance specifically set forth and described in Item 5 of the Declaration, this policy shall be void, unless otherwise provided by agreement in writing added hereto, if the interest of the Insured in the subject of this insurance be or become other than unconditional and sole lawful ownership," etc.

In other words, this provision does not apply to nor affect the rights of a mortgagee described in Item 5 of the Declaration. A title retention is but a form of lien, in the nature of a chattel mortgage, to secure the purchase price. *Blackwood Tire & Vulcanizing Co.* v. *Auto Storage Co.*, 133 Tenn., 515, 182 S. W., 576, L. R. A., 1916E, 254, Ann. Cas., 1917C, 1163; *McDonald Automobile Co.* v. *Bicknell,* 129 Tenn., 493, 167 S. W., 108, Ann. Cas., 1916A, 265; *Marion Mfg. Co.* v. *Buchanan*, 118 Tenn., 238, 99 S. W., 984, 8 L. R. A. (N. S.), 590, 12 Ann. Cas., 707.

One acquiring purchase-money notes from a conditional seller sustains the latter's relationship toward the purchaser. *First Nat. Bank* v. *Union Ry. Co.,* 153 Tenn., 386, 284 S. W., 363.

We here copy Item 5 as it appears in the policy, all of which is in print except that inserted with a typewriter which we have italicized, to-wit:

"Item 5. The automobile is fully paid for by the Named Insured and there is no lien, mortgage or other incumbrance thereon except as follows: *Commerce Union Bank of Gallatin.* If purchased on a deferred payment plan, the amount unpaid is represented by ——— notes of $ *Refinanced* each. Due date of final note is ——— 19— Subject to all the terms of the policy, all of which are made a part of this Item, loss, if any, under Agreements C, D, E-1, E-2, F, and G, payable as interest may appear to the Named Insured and *Commerce Union Bank of Gallatin*

"(Name and address of mortgagee.)"

█ While the local agent who issued this policy did not detail the indebtedness owing to the bank as fully as he might have done, we think it satisfactorily appears that this automobile was purchased on a deferred payment plan represented by a note which it had refinanced, and that in case of fire the loss was to be paid to the bank as its interest might appear. The word "refinance" is defined in Webster's New International Dictionary (2 Ed.), as "to finance again or anew." It has become a very commonplace word in automobile parlance, signifying that the notes executed for the purchase price of an automobile have been negotiated by the original vendor to some corporation dealing in that character of securities. In our opinion it was the intention of the insurer to protect the interest of the bank regardless of any defect in the title and ownership of the original vendee, Robert Allen, Jr. The bank had no knowledge that Robert Allen, Jr., had transferred his equity in this car, and in obtaining this policy its purpose was to protect its own interest rather than that of the equitable owner, and such, we think, was the understanding of the insurer. The exception contained in the "unconditional and sole lawful own-

ership'' clause of the policy was inserted to cover such a situation as this record presents.

For the reasons stated the court is of the opinion that the contention of the insurer is without merit; hence the petition for writ of *certiorari* is denied.