FRANKLIN SAVINGS & LOAN CORPORATION v. SNAPP, DEPUTY
SHERIFF.

(*Knoxville,* September Term, 1941.)

Opinion filed June 27, 1942.

152

CURTIN & HAYNES and MAX RICE, all of Bristol, for plaintiff in error.

J. L. STERN, of Bristol, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

W. P. Woolwine, on June 19, 1940, sold to Chas. E. Seacatt, a resident of Bristol, Virginia, a LaSalle Sedan automobile under conditional sales contract in the State of Virginia. On July 1, 1940, Woolwine, for value received, assigned to Franklin Savings & Loan Corporation, located in Bristol, Tennessee, all his right, title and interest in the automobile in question. Thereafter, an execution at law, issued by a justice of the peace of Tennessee, was levied upon the automobile in Tennessee, under a judgment against Chas. E. Seacatt. Thereupon the Franklin Savings & Loan Corporation instituted this replevin action before a justice of the peace against W. B. Snapp, the levying officer, to gain possession of the automobile for enforcing the conditional contract of sale, default having been made in the payment of the purchase price.

The justice of the peace rendered judgment in favor of the Franklin Savings & Loan Corporation. On the appeal of W. B. Snapp, deputy sheriff, the circuit judge adjudged that the plaintiff did not have a right of possession to the automobile and ordered its return to the defendant, Snapp, or pay the money value thereof. On the appeal in error of the Franklin Savings & Loan Corporation, the Court of Appeals reversed the judgment of the trial court and entered judgment in favor of the Franklin Savings & Loan Corporation.

W. B. Snapp, deputy sheriff, has filed his petition for *certiorari* in this court and assigned errors.

The validity of the conditional sales contract is not challenged. It is admitted that the payments thereunder were in default. The contract provided, among other things, that: "If the purchaser default in complying with the terms hereof, or seller deems the property in danger or misuse or confiscation, seller may without notice and with or without legal proceedings, take immediate possession of said property, wheresoever same may be located, including any equipment, replacements and accessories thereto, and sell same as required by law."

A title retention is but a form of lien, in the nature of a chattel mortgage, to secure the purchase price. *American Indemnity Co.* v. *Allen*, 176 Tenn., 134, 138 S. W. (2d), 445; *Nance* v. *O. K. Houck Piano Co.*, 128 Tenn., 1, 155 S. W., 1172, Ann. Cas. 1914D, 834; *Shaw* v. *Webb*, 131 Tenn., 173, 174 S. W., 273, L. R. A. 1915D, 1141, Ann. Cas., 1916A, 626. In the case of *Exposition Arcade Corporation* v. *Lit Bros.*, 113 Va., 574, 75 S. E., 117, Ann. Cas., 1913D, 335, proven on the trial of the instant case, the court, in dealing with a conditional sales contract, held that, "The transaction is, in legal effect, the same

as if the buyer had obtained title from the seller, and had given back a mortgage to secure the purchase price.''

The equitable interest of the purchaser, Seacatt, in the automobile, was not liable to an execution at law. *Childs* v. *Derrick*, 9 Tenn. (1 Yerg.), 79; *Carnes* v. *Apperson*, 34 Tenn. (2 Sneed), 562; *Graham* v. *Merrill*, 45 Tenn. (5 Cold.), 622. The legal title to the automobile was not in the execution debtor, Seacatt. In *Evans* v. *Belmont Land Co.*, 92 Tenn., 348, 355, 21 S. W., 670, 671, it was said, ''In this state, by uniform decisions, extending through nearly a century an execution can only be levied upon a legal title.'' The levy of the execution on the automobile being void, the officer, Snapp, acquired no right of possession thereunder.

In the enforcement of contracts the remedy is governed by the *lex fori* and not by the *lex loci contractus*. *First National Bank* v. *Shaw*, 109 Tenn., 237, 70 S. W., 807, 59 L. R. A., 498, 97 Am. St. Rep., 840. It is urged by defendant that under Virginia law the seller is not entitled to possession, under a conditional sale contract, until after foreclosure. The proof is not clear on that point. However, it is important to note that Seacatt, the purchaser, is not here contesting the right of plaintiff to obtain possession of the automobile.

In *Bankers' Finance Corporation* v. *Locke & Massey Motor Co.*, 170 Tenn., 28, 91 S. W. (2d), 297, a replevin suit, it was held that a chattel mortgage, validly executed and legally registered in another state wherein mortgagor resided, will be enforced in Tennessee against claims of attaching creditors or innocent purchasers in Tennessee, unless mortgagee has consented to a permanent removal of the property into Tennessee. There is no evidence in the record that the seller of the auto-

mobile here involved, or his assignee, the plaintiff herein, consented to permanent removal thereof into Tennessee.

We hold that plaintiff was entitled to institute replevin to protect its lien rights as against a wrongful levy, or against a claim of inferior dignity. For the reasons stated, we concur in the results reached by the Court of Appeals, and, therefore, deny *certiorari.*