MID-CONTINENT FINANCE CORP. *v.* GRANT.

Apr. 7, 1952.

No. 38306 (58 So. (2d) 1)

**Bell & McBee**, for appellant.

Means Johnston and W. H. Montjoy, for appellee.

Arrington, J.

The appellant, the Mid-Continent Finance Corporation, a corporation, instituted this action in replevin in the County Court of Leflore County for the recovery of a Plymouth automobile in the possession of John T. Grant, the appellee. Judgment was rendered for the appellee and upon appeal to the Circuit Court of Leflore County, the judgment was affirmed. From this judgment, the appellant appeals.

A brief summary of the facts is as follows: On November 4, 1948, Whitman W. Gaston of Ackerman, Choctaw County, Mississippi, purchased from the Tri-State Auto

Company of Memphis, Tennessee, a Plymouth automobile for a price of $2866.92. Of this amount, $735 was paid in cash, leaving a balance of $2131.92. The purchaser signed on the same date a conditional sales contract in which he agreed to pay the balance due in 18 consecutive monthly installments of $118.44 each, and executed his promissory note for this amount. The conditional sales contract contained the usual provisions found in agreements of this kind, and provided ''that title to said car shall remain in the holder hereof (which shall be taken to mean the seller or the Mid-Continent Finance Corporation if this contract and note are assigned to it or anyone else to whom this contract and note may be assigned) until said balance is fully paid in cash.''

On the same date, the Tri-State Auto Company assigned the contract and note to the appellant. On the following day, November 5, 1948, Gaston sold the automobile to the Leflore Auto Company in Greenwood, Mississippi for a cash consideration. On December 1, 1948, the Leflore Auto Company sold the said automobile to the appellee, John T. Grant. The said Gaston represented to the Leflore Auto Company that he was the owner of the automobile and that it was free of all liens. The appellant had no knowledge of the fact that Gaston had sold the automobile to the Leflore Auto Company, nor that the appellee had purchased same until several weeks later when default was made in the payments of the note and contract by Gaston, and the appellant, looking for the automobile, found it in the possession of the appellee Grant. On March 28, 1948, the appellant relying upon its title brought this suit in replevin for the possession of the automobile, which resulted in judgment for the appellee.

The appellant assigns as error that the lower court erred in giving judgment for the appellee. The appellee's defense in the court below was that he was an innocent purchaser for value without notice and that he acquired a good title thereto. ██ Under the decisions of

this Court, this being a Tennessee contract, this case will be governed by the laws of that state. The appellee contends here that the conditional sales contract was a lien under the laws of the State of Tennessee and it should have been recorded in Choctaw County, Mississippi, by virtue of Section 870, Mississippi Code of 1942, which is as follows: "Mortgages, deeds of trust, and other liens on personal property executed out of this state shall only be binding on such property in or when removed into this state, as against creditors and bona fide purchasers without notice, from the time such mortgage, deed of trust, or other instrument, duly acknowledged or proved, or a duly certified copy of the record thereof, shall be delivered to the proper clerk in this state for record."

The appellant contends that the conditional sales contract where title was retained by the seller is not a lien under the laws of the State of Tennessee; that it is not required to be recorded in Tennessee, and not being a lien, was not required to be recorded in Choctaw County, Mississippi, the home of the purchaser Gaston. There is no dispute as to the facts in this case. It is admitted that the conditional sales contract was not recorded in Mississippi, therefore, the sole question presented is, was the conditional sales contract a lien under the laws of the State of Tennessee within the meaning of Section 870, Mississippi Code of 1942, quoted above.

The appellee cites a number of Tennessee cases with reference to conditional sales contracts with title retained. In Franklin Savings & Loan Corporation v. Snapp, Deputy Sheriff, 179 Tenn. 151, 163 S. W. (2d) 332, 333, the Court said: "A title retention is but a form of lien, in the nature of a chattel mortgage, to secure the purchase price. American Indemnity Co. v. Allen, 176 Tenn. 134, 138 S. W. (2d) 445; Nance v. O. K. Houck Piano Co., 128 Tenn. 1, 155 S. W. 1172, Ann. Cas. 1914D, 834; Shaw v. Webb, 131 Tenn. 173, 174 S. W. 273, L. R. A. 1915D, 1141, Ann. Cas. 1916A, 626. In the case of Exposition Arcade Corporation v. Lit Bros., 113 Va. 574,

75 S. E. 117, Ann. Cas. 1913D, 335, proven on the trial of the instant case, the court, in dealing with a conditional sales contract, held that 'The transaction is, in legal effect, the same as if the buyer had obtained title from the seller, and had given back a mortgage to secure the purchase price.' ''

There are a large number of other authorities cited which hold that a conditional vendor acquires a lien merely as security for the purchase money by the retention of title. Upon our own examination of this question, we find that in the case of McCombs v. Guild, Church & Co., 1882, 77 Tenn. 81, with reference to conditional sales contract, the Court said: ''It has uniformly been held in this State that a contract for the sale of personal property, by which the possession is delivered to the purchaser but the title retained in the seller until the purchase money be paid, is valid, and if the purchaser dispose of the property before the title is vested in him by the payment of the purchase money, the original owner may follow it into the hands of the third party: Houston v. Dyche, 19 Tenn. 76; Gambling v. Read, 19 Tenn. 281; Price v. Jones, 40 Tenn. 84; Holmark v. Molin, 45 Tenn. 482. ▆▆ And although the contract of sale be reduced to writing, it need not be registered: Bradshaw v. Thomas, 15 Tenn. 497; Buson v. Doughtery, 30 Tenn. 50. As between the original vendor and subvendee in such a case it is a question of title, and neither payment of the price nor want of notice of the vendor's right will protect the sub-vendee: Price v. Jones, 40 Tenn. 85.''

In a recent case, decided in 1950, Ghormley v. Raulston, 34 Tenn. App. 109, 223 S. W. (2d) 57, 59, the Court said: ''In Tennessee a conditional sales contract is but a form of lien to secure the purchase price, partaking of the nature of a chattel mortgage. Marion Manufacturing Co. v. Buchanan, 118 Tenn. 238, 99 S. W. 984 [8 L. R. A., N. S., 590]; McDonald Automobile Co. v. Bicknell, 129 Tenn. 493, 167 S. W. 108; Blackwood Tire & Vulcanizing

Co. v. Auto Storage Co., 133 Tenn. 515, 182 S. W. 576 [L. R. A. 1916E,. 254]; Williamson Brothers v. Daniel, 21 Tenn. App. 346, 110 S. W. (2d) 1028.''

The law in the State of Tennessee with reference to conditional sales contracts appears to be the same as the law in our own State. In Mitchell v. Williams, 155 Miss. 343, 124 So. 430, 431, the Court held: ''It is argued for the appellant that the reserved title contract is in effect only a mortgage, and as it was not recorded in the county records, and as Mitchell had no notice of its existence, that he is protected as a bona fide purchaser. This contention is not sustained by the law of this state. See Harrison v. Broadway Motor Co., 128 Miss. 766, 91 So. 453, 25 A. L. R. 1148; Burkhalter v. Mitchell [& McTendon], 107 Miss. 92, 64 So. 967; United States Motor Truck Co. v. Southern Securities Company, 131 Miss. 664, 95 So. 639; Richton Overland Co. v. McCormick Motor Car Co., 148 Miss. 616, 114 So. 387.''

A similar question to the one involved here was before the Court in the case of Harrison v. Broadway Motor Co., supra. In that case, the Broadway Motor Company at Nashville, Tennessee, sold a Dodge automobile and retained title to the car for the balance of the purchase money due. The first purchaser took the car to Memphis, Tennessee and sold it to a concern engaged in selling automobiles to the public. This company then sold the car to one Calloway Wilson, who in turn sold it to C. C. Harrison, who took the car to Itawamba County, Mississippi. The Broadway Motor Company located the car in the possession of Harrison and instituted a suit in replevin for the possession of the car where it obtained judgment. Harrison appealed, contending that he was an innocent purchaser for value in Mississippi and that the title of the Broadway Motor Company must fail because the courts of this State will not give extraterritorial effect to a lien created in another state. In answer to this contention, the Court said:

"We are unable to agree with the contention of appellant, for the reason that the appellee did not rely upon a Tennessee lien, but relied upon his title to the car to sustain him in recovering the possession thereof. The vendor of personal property can only convey such title as he has, and if the title be in another he conveys none, and the purchaser gets no title. This is also the rule in Tennessee.

"Innocent purchasers for value without notice are not protected in this state or Tennessee against the owner of personal property. Burkhalter v. Mitchell [& McTendon], 107 Miss. 92, 64 So. 967. The first vendee, Mooney, got no title to the car, nor did any of the subsequent purchasers, because Mooney had no title to convey; the ownership of the car remained at all times in the appellee seller. Certainly the owner of an automobile may follow it into this state and here enforce his right to possession as against a bona fide purchaser for value without notice the same as could be done between resident citizens of our state. Ownership of personal property is not required to be registered in this state, nor Tennessee, and the rule of caveat emptor applies." [128 Miss. 766, 91 So. 454.]

The appellee relies upon the case of Patterson v. Universal Credit Corporation, 204 Miss. 268, 37 So. (2d) 306, 307. In this case, the court had before it a conditional sales contract with title retained executed in the State of Alabama, where the Mobile Motors of Mobile, Alabama, sold to one Elzie Dickson of Pascagoula, Mississippi, an automobile. The conditional sales contract was duly assigned to the Universal Credit Corporation, and at the time the action was instituted, the automobile was in the possession of Patterson who had purchased the same in Jackson County, Mississippi. The Court, in this case, held that the conditional sales contract was a lien under the Laws of the State of Alabama and that Patterson would be protected for the reason that he was an

innocent purchaser for value without notice for the reason that the lien was not recorded as required by Section 870 of the Mississippi Code of 1942. The Court held: "\* \* \* Being an Alabama contract, the question of whether or not it would constitute a lien on the automobile as security for the unpaid purchase price is to be governed by the laws of that State. In the case of General Motors Acceptance Corp. v. Crumpton, 220 Ala. 297, 124 So. 870, 871, the Alabama Court had under consideration the question of whether or not the said finance company was the holder of a lien and liable for a penalty of $200 provided for under Section 9021, Alabama Code of 1923, Code 1940, Tit. 47, §176, in favor of the purchaser of an automobile under a conditional sales contract (wherein the holder of such contract had retained title until the unpaid balance of the purchase price was paid) for the failure, upon request by such purchaser in writing, of the finance company to 'enter on the margin of the record of such *recorded lien,* the amount and date of such payment and the amount of the debt which remains unpaid at that date which was so secured by the *recorded lien.*' " (Italics ours.)

In the State of Alabama, all conditional sale contracts with title retained are required to be recorded. Code of Alabama, Title 47, Sec. 131, provides in part: "All other contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent, or hire of personal property, by the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such condition void against purchasers for a valuable consideration, mortgagees, landlords with liens and judgment creditors without notice thereof, unless such contracts are in writ-

ing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains * * *."

In the Patterson case, supra, the court concluded: "We are, therefore, of the opinion that since a conditional sales contract, similar in all material respects to the one involved in the instant case was construed by the Supreme Court of Alabama in the case of General Motors Acceptance Corp. v. Crumpton, supra, to constitute a lien, the title being retained as security, the rights of the appellant John W. Patterson as an innocent purchaser for value are protected by the said Section 870, Mississippi Code of 1942."

It may be stated that the distinction between the Patterson case and the instant case is that the Patterson case dealt with a conditional contract required to be recorded under the laws of Alabama, whereas the instant case deals with a conditional sale contract not required to be recorded under the laws of Tennessee. As we have stated above, a conditional sales contract is not required to be recorded under the laws of the State of Tennessee and an innocent purchaser for value can not acquire title to property which is the subject thereof. This is also the law in our own State, and it follows that Grant, the appellee, although an innocent purchaser for value without notice, acquired no title to the automobile and is not protected under Section 870 of the Mississippi Code of 1942.

Reversed and judgment here for appellant.

**McGehee, C. J.,** and **Hall, Lee,** and **Holmes, JJ.,** concur.