# Royal Lumber Co. *v.* Elsberry.

*Failure to Enter Satisfaction of Mortgage Record.*

(Decided December 4, 1913. 64 South. 71.)

1. *Evidence; Best and Secondary; Predicate.*—A copy of a written notice to a mortgagee, to satisfy the mortgage record is secondary evidence and where proper predicate is not laid it is not admissible

2. *Mortgage; Failure to Satisfy; Notice.*—Under the provisions of sections 4897 and 4899, a notice requesting that the mortgagee satisfy the mortgage record within 30 days, was sufficient, since the attempt to fix the time was mere surplusage to be disregarded.

3. *Same.*—Under section 4898, a notice to one of the partners of mortgagee firm was a sufficient notice of a request to satisfy the record, to render all liable.

4. *Same.*—Under section 4898, Code 1907, a plaintiff cannot recover of a mortgagee on notice to the mortgagee, if the payment of the mortgage was made to a third person who at the time was entitled to the proceeds.

5. *Same; Payment to Defendant; Jury Question.*—Under the evidence in this case it was a question for the jury whether the mortgage was paid to defendant, or was paid to a third person while the right to its proceeds was in him; also whether the payment of the note under an agreement between the mortgagor, the mortgagee and the assignee extinguished the debt for which the mortgage was given.

6. *Same.*—Where the promise of the mortgagor to pay the mortgage note was the condition upon which it was assigned to the third person who paid the amount of the mortgage note to the original mortgagee, such payment being made to effect the transfer of the mortgage did not satisfy the mortgage, and the mortgagor was not entitled to the penalty prescribed by section 4898, Code 1907.

APPEAL from Cleburne Circuit Court.

Heard before Hon. A. H. ALSTON.

Suit by W. L. Elsberry against the Royal Lumber Company, a partnership, to recover the statutory penalty for a failure to satisfy a mortgage of record. Judgment for plaintiff and defendant appeals. Reversed and remanded.

See *Royal L. Co. v. Elsberry,* 9 Ala. App. 478; 63 South. 785.

(Transferred from Court of Appeals.)

Mr. Abney testified as follows: That he lived in Georgia, and that in 1909-10 had a transaction with the Royal Lumber Company with reference to the mortgage indebtedness of Mr. Elsberry. That the trade was made December 10, 1909. That he signed a note for Mr. Elsberry for $300 to take up the indebtedness evidenced by the mortgage, and did not at the time see any of these mortgages, and had never examined them. That, at the time the trade was made, it was understood that he (Abney) should pay the note, and then all the papers, mortgages, and claims were to be transferred to him, and that, before the 50-day note became due, plaintiff paid him the $300, and he paid it to the Royal Lumber Company. That there was not any transaction in writing, and that he never saw any, and did not have any knowledge of any being made. That, when the $300 was paid, all the papers were turned over to him by the Royal Lumber Company, and that he took the note signed by him and tore it up, and then turned all the papers over to Elsberry. At his request all the papers were

turned over to him, and that he did not think he turned them over to Elsberry at the time he received them, but that he turned them over some time shortly afterwards.

The members of the firm of the Royal Lumber Company testified in substance that, at the time of the execution of the note by Abney, they delivered to him under the agreement all the mortgages and papers they held against Elsberry, and that, at the time the demand was made, they had assigned the paper to Abney under the contract.

BLACKWELL & AGEE, and BARKER & STEPHENS, for appellant. The court is respectfully referred to this case as reported in 9 Ala. App. 478, as authority for our contentions. No sufficient predicate was laid for the admission of a copy of the notice.—*Loeb v. Huddleston*, 105 Ala. 257; *St. L. & S. F. R. R. Co. v. Sutton*, 169 Ala. 409. The notice was not sufficient.—*Chattanooga N. B. & L. Assn. v. Echols*, 125 Ala. 548. It appears that the mortgage was transferred, and had not been discharged, and hence, in no event, was defendant liable. —*Harrison v. Swanson*, 67 Ala. 486.

MERRILL & MERRILL, for appellee. No brief reached the Reporter.

McCLELLAN, J.—Appellee instituted this action against the Royal Lumber Company, a corporation, to recover the *penalty*, prescribed in Code, § 4898, for the failure of the defendant to enter, on the margin of the record, the satisfaction of a certain mortgage, of date January 28, 1907, which plaintiff asserted had been fully paid. During the taking of the testimony it was disclosed that the defendant was a firm composed of J. K. and F. H. Lichtenwalter. Thereupon, with ob-

vious propriety, the court permitted the plaintiff to amend the complaint so as to describe the defendant in its true character, viz., as a partnership composed of the two persons named.

The plaintiff offered in evidence a copy of the written notice delivered to one of the members of the firm. The substance of the notice, signed by plaintiff (the mortgagor), addressed to the Royal Lumber Company, and of date October 19, 1910, was this: "Please mark satisfied, within thirty days, the mortgage of W. L. Elsberry to Royal Lumber Co. in Mortgage Record 22, page 336; also mortgage of W. L. Elsberry to Royal Lumber Co., in Mortgage Record 22, page 137." The failure to mark satisfied the last-mentioned mortgage in the notice is the basis of this suit.

It has been repeatedly ruled here that no particular form of words are necessary to constitute a sufficient notice under these statutes (Code, §§ 4897, 4898), and that the request is "sufficient if the language employed, when fairly and reasonably interpreted, informs the mortgagee that a satisfaction on the margin of the record of the mortgage is demanded of him."—*Partridge v. Wilson,* 141 Ala. 164, 37 South. 441, and cases therein noted. The notice held sufficient in the quoted case was this: "You will please cancel all mortgages against me on the record at once." The demand there was for immediate action; whereas, here the demand was for action in "thirty days." The mortgagor was, of course, powerless to fix any period for entry of the satisfaction of the mortgage on the record different from that provided by law, viz.: *Two months* in this case; *thirty days,* under the just preceding statute, Code, § 4897. The attempt to direct the entry in *thirty days* was mere surplusage—as ineffectual in the premises as the words "at once" in the *Partridge-Wilson Case.* The notice

was entirely sufficient for the purpose of requiring the entry of satisfaction on the margin of the record, if it was otherwise the duty of the defendant to make the entry.—*Lynn v. Bean,* 141 Ala. 236, 37 South. 515; 5 May. Dig. pp. 679-681.

The copy of the notice was improperly admitted in evidence. It was secondary evidence, and, in the absence of a proper predicate, was inadmissible.—*King v. Bolling,* 77 Ala. 596; *Loeb v. Huddleston,* 105 Ala. 257, 16 South. 714.

As we understand the evidence in the bill of exceptions, the principal issue—arising out of a material allegation of the complaint that the "payment or satisfaction" of the mortgage had been received by the defendant—was whether the defendant had effected an assignment or transfer of the mortgage in question to R. A. Abney *before* the notice to enter satisfaction was properly served upon one of the partners (*Johnson v. Frix,* 177 Ala. 251, 58 South. 427) ; and this, in turn, involved the further inquiry whether the arrangement effected between the defendant and Abney, and plaintiff was an *assignment* or *transfer* of the mortgage of Jan. 28, 1907, to Abney, and, in consequence, operating to so cast the status as that the subsequent *payment* or *satisfaction* of the mortgage was made to Abney, and not to defendant, as the complaint alleges. To put the inquiry in a somewhat different form, the issue was whether the mortgage of January 28, 1907, was *paid* to defendant, or, being "sold" or "transferred" to Abney (if so), it was *paid* while the right to its proceeds was in Abney. If payment was not made to defendant, the plaintiff could not recover the penalty prescribed by the statute, section 4898. There was evidence tending to support the respective theories of the parties on these issues. Their solution should have been left to the jury

under all the evidence bearing thereon. On December 9, 1910, the defendant executed a paper wherein this language occurs: * * * When this note [described before therein] has been paid, the Royal Lumber Company is to give W. L. Elsberry a receipt in full of all demands, and hereby transfers to R. A. Abney their claim against said Elsberry." These provisions of the writing are equivocal in respect of the inquiry whether the words "hereby transfer" were dependent for effect upon the condition thereinbefore stated in these words: *"When this note has been paid."* If it was the intention that the *transfer* should have effect in præsenti, and comprehended the mortgage of January 28, 1907, then the subsequent payment of the $300 note, given by Abney to defendant, by plaintiff to Abney was not a payment of said mortgage *received* by defendant. On the other hand, if the mentioned $300 note was but an *additional* security to defendant of the *real* indebtedness still secured by the said mortgage, and there was no *transfer* to Abney before the $300 was paid, and the payment thereof extinguished the mortgage of January 28, 1907, then defendant was the party who received payment, and should have entered satisfaction.

There is, under the evidence, still another theory that should have been submitted to the jury, viz.: Whether the payment of the $300 note effected, under the agreement between the three parties, extinguished the debt for which the mortgage of January 28, 1907, was a security. If the payment of the $300 note was the condition whereupon the last provision of the paper of December 9, 1909, effected to *transfer* the mortgage to Abney, then that payment did not satisfy the mortgage, and the plaintiff could not recover. See *Clem v. Wise,* 133 Ala. 403, 31 South. 986, which, upon a contingency indicated supports the sufficiency of the method of assignment.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.