## VINES *v.* SPARKS *et al.*[*]

(Division B.   Oct. 31, 1927.   Suggestion of Error Overruled Nov. 14, 1927.)

[114 So. 322.   No. 26631.]

1. STIPULATIONS.  *Agreed statement of facts, construed to mean car had been "removed into this state" within statute as to priority between foreign chattel mortgages and local attachment (Hemingway's Code 1917, section 2298).*

   Where agreed statement of facts, in action involving priority of plaintiff's attachment of an automobile over a prior mortgage thereof executed in another state, merely shows that car was attached while in Mississippi, it will be construed to mean that the property had been "removed into this state" so as to have a *situs* there, and was there situated when. attached, within Hemingway's Code 1917, section 2298 (Code 1906, section 2797).

2. CHATTEL MORTGAGES.  *Creditor without notice, attaching in state car removed there after mortgage in other state, recorded there only, held to have superior right (Hemingway's Code 1917, section 2298).*

   Where car was mortgaged in other state, and then removed into Mississippi, acquiring a *situs* here, and mortgage was not recorded here, and creditor of car owner, when attaching it here, had no notice of the mortgage, *held* that, under Hemingway's Code 1917, section 2298 (Code 1906, section 2797), attaching creditor had superior right over mortgagee.

---

*Corpus Juris-Cyc. References:   Chattel Mortgages, 11CJ, p. 425, n. 10; p. 426, n. 12, 15 New; Stipulations, 36Cyc, p. 1291, n. 64; On the question as to priority between attachment and chattel mortgage, see 2 R. C. L. 861; 1 R. C. L. Supp. 647.

APPEAL from circuit court of Wilkinson county.
HON. R. L. CORBAN, Judge.

Action by Van Vines against L. J. Sparks, the attached car being claimed by the General Motors Acceptance Corporation.   From adverse judgment, plaintiff appeals. Reversed and judgment rendered.

*Tucker & Tucker,* for appellant.

The judgment is contrary to the law and the agreed written statement of facts submitted to the court. The agreed statement of facts shows conclusively that the chattel mortgage was executed in Nachitoches Parish, Louisiana, and was recorded there and that said chattel mortgage is a foreign chattel mortgage; that the said chattel mortgage was not recorded in Wilkinson county, Mississippi; and at the time of the levy of the writ of attachment, plaintiff and appellant had no notice of the existence of said chattel mortgage. Section 2298, Hemingway's Code of 1917 (section 2797, Code of 1906).

It therefore follows, from the agreed written statement of facts and law covering this chattel mortgage and truck, that the chattel mortgage was not binding on the truck against the appellant here, an admitted *bona-fide* creditor of the mortgagor, because the chattel mortgage was not filed for record or recorded in this, Wilkinson county at the time of the levy of the writ of attachment and because it is admitted that the appellant had no notice or knowledge of the existence of the chattel mortgage at the time of the levy of the writ of attachment; and, therefore, the judgment rendered by the court below is contrary to the agreed written statement of facts and the above quoted statute.

The agreed statement of facts is silent as to whether the mortgagor moved this property with the consent of the mortgagee or whether the mortgagor moved it without the consent or knowledge of the mortgagee. The agreed statement of facts is silent as to how long the property had been in the state of Mississippi, before the writ of attachment was issued. 2 R. C. L., section 73, page 861, lays down the correct rule. See also 5 R. C. L., section 21, page 400.

Even though the mortgage had a clause prohibiting the mortgagor from moving the said truck out of the parish, had the appellant here, a resident of Sabine Parish, Louisiana, seized the said truck by attachment in Sabine Parish or seized it as a judgment creditor, he would have

defeated the claim of the General Motors Acceptance Corporation, claimant and appellee here, in that state. *Wilson* v. *Lowrie,* 101 So. 549; *Gulf Finance & Securities Co.* v. *Taylor,* 107 So. 705.

The court below erred in rendering judgment in favor of General Motors Acceptance Corporation, claimant and appellee, and this court should render judgment in favor of the appellant against said General Motors Acceptance Corporation in the sum of two hundred and one dollars and ninety-five cents, the value of the truck as fixed in the judgment on claimant's issue.

*Note: No brief filed for appellee.

HOLDEN, P. J., delivered the opinion of the court.

This suit is between nonresidents of this state, and involves the question of whether, under our statute (section 2797, Code of 1906 [section 2298, Hemingway's 1917 Code]), the claim of an attaching creditor is superior to that of a mortgagee in a mortgage duly recorded in Louisiana to secure the balance of the purchase money due on an auto truck, where the truck is attached by the creditor while in this state.

The case may be stated, in short, as follows: Sparks, in Louisiana, owed a balance of about two hundred dollars on the purchase price of an auto truck, and secured payment thereof to the Lakeview Motor Company by a mortgage duly recorded in Natchitoches parish, La. This mortgage was assigned to the General Motors Acceptance Corporation, claimant herein. Sparks had also become indebted to appellant, Van Vines, in the sum of about six hundred dollars for gasoline, oil, tires, etc., used in operating this truck and others.

Subsequently, Vines attached the truck here involved in Wilkinson county, Miss., for payment of his debt against Sparks. The record does not show how long the truck had been in Wilkinson county, Miss., before it was

attached, nor is it expressly shown whether this attached personal property was "removed into this state," and thus had a *situs* here, as contemplated by the statute, *supra,* or was in the state temporarily, such as passing through the state. The only thing certain in this regard is that the property was attached while in this state, and that the mortgage on the truck, which had been recorded in Louisiana, was not recorded in Wilkinson county, Miss., as provided by the statute, *supra,* at the time the attachment was levied. Counsel seem to have carefully left that feature of the case out of their agreed statement of facts.

In this condition of the record, we must construe the agreed facts to mean that the property involved had been, under the statute, "removed into this state," and was therefore situated here at the time it was attached in Wilkinson county.

We thus pretermit the question as to whether or not the statute would be applicable and favorable to an attaching creditor where the personal property is only transitory, or temporarily passing through the state.

It is our opinion that the attaching creditor in the case at bar has a superior right over the mortgagee in the duly recorded mortgage in Louisiana, since the mortgage was not recorded in Wilkinson county, Miss., at the time the property was attached, and the attaching creditor, therefore, had no notice as provided in the statute, *supra.* How far the rule of comity might be applicable to such cases, where, for instance, an auto is travelling from one state to another, we are not required to here decide but we only hold that, where the property has been "removed into this state," and has a *situs* here, the attaching creditor will prevail over the mortgagee in an unrecorded mortgage in the county where the levy is made.

The agreed statement of facts is as follows:

"It is admitted that defendant was indebted to the plaintiff in the amount claimed and a judgment therefor

has been entered. It is admitted that General Motors Acceptance Corporation holds a chattel mortgage and vendor's lien as shown by said mortgage to be submitted herewith, that was executed by defendant to Lakeview Motor Company, who assigned same to General Motors Acceptance Corporation, the date of said chattel mortgage being February 13, 1926, and it is further admitted that, immediately after execution of said mortgage, the same was recorded in Natchitoches parish, La., and is still of record there. It is admitted that said chattel mortgage was not recorded in Wilkinson county, and, at the time of the levy of the writ of attachment herein, plaintiff had no notice of the existence of said chattel mortgage. It is admitted that defendant was the first purchaser of said truck, and that said chattel mortgage was for purchase money. It is admitted that the payment under said mortgage on October 13, 1926, is past due and unpaid. This constitutes all of the facts in this case, and it is agreed that this case is to be submitted to Hon. R. L. Corban without a jury for his decision, but nothing herein is to be construed as to prevent either party from appealing to the supreme court of Mississippi, as provided for by law."

Counsel for appellee herein has filed no brief, but has entered his appearance before this court, which necessitates our deciding the point without the aid of counsel for appellee, but we are clearly convinced that the registration statute, *supra,* is applicable in cases like the one before us. The phraseology of this recording statute is as follows:

"Mortgages, deeds of trust, and other liens on personal property executed out of this state shall only be binding on such property in or when removed into this state, as against creditors and *bona-fide* purchasers without notice, from the time such mortgage, deed of trust, or other instrument, duly acknowledged or proved, or a duly certified copy of the record thereof,

shall be delivered to the proper clerk in this state for record.''

The case was submitted to the circuit judge without a jury on the agreed statement of facts, and the court decided that the lien of the mortgage was superior to that of the attaching creditor. We think this was error, for the reasons given above.

Counsel for appellant has cited the cases of *Wilson* v. *Lowrie,* 156 La. 1062, 101 So. 549, and *Gulf Finance & Securities Co.* v. *Taylor,* 160 La. 945, 107 So. 705, to sustain his contention that the attachment should prevail over the mortgage lien; but we hardly think these cases are in point, because they deal with questions arising under the Louisiana law, are local in application, and would be in point only in that state. The jurisdiction in this case is, of course, in Mississippi, and the Mississippi law only is to be considred.

However, the rule we have announced above is supported by the text-books, where similar statutory provisions are involved. 2 R. C. L., section 73, p. 861; 5 R. C. L., section 21, p. 400.

The judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed and judgment for appellant.*