149 So. 864

GENERAL MOTORS ACCEPTANCE COR-
PORATION v. HAMLIN.

7 Div. 969.

Court of Appeals of Alabama.

June 30, 1933.

Rehearing Denied Sept. 12, 1933.

Mullins, Pointer & Deramus, of Birmingham, for appellant.

A. L. Crumpton, of Ashland, for appellee.

RICE, Judge.

This is a suit by appellee against appellant seeking to recover the $200 penalty provided in Code 1923, § 9021, which section reads as follows: "The owner or holder of any recorded lien other than those specified in the

preceding section, who has received payment in full or partial payments of the debt so secured by the recorded lien, must, upon request in writing, enter on the margin of the record of such recorded lien, the amount and date of such payment and the amount of the debt which remains unpaid at that date which was so secured by the recorded lien. If for thirty days after such request in writing, the owner or holder of such recorded lien shall fail to make such entry, he shall forfeit to the party making such request, the sum of two hundred dollars; and this section shall be construed in all respects as is provided in the preceding section."

■ Appellee had purchased in 1930 an electric refrigerator, or Frigidaire, from one Connor, executing a conditional sale contract, etc., to secure the deferred payments due from him on the purchase price of same. This paper served to constitute a lien upon the said Frigidaire within the purview of the Code section hereinabove quoted. General Motors Acceptance Corporation v. Crumpton, 220 Ala. 297, 124 So. 870. It was duly transferred, etc., to appellant, and was placed of record in the probate office of Clay County.

Appellee was frequently, if not constantly, behind, or in default, with regard to the monthly payments of $11 each he was due to make under the terms of the above-mentioned contract. On April 12, 1932, he was two months ($22) behind with these payments. On that date he wrote appellant a letter which was in words and figures as follows:

"Ashland, Ala.
"4/12/32

"G. M. A. C. Birmingham, Ala.

"Gentlemen: Enclosed find ck for Eleven Dollars. Will try my best to get you some more at once. I realize I am running a little late but I am not responciable for the depressed condition I have plenty of money owing me but I am unable to realise any thing at present, please have the record marked Satisfied, to the amount that is paid.

"Yours truly,

"J. M. Hamlin."

The check inclosed with the above letter was not paid upon presentation to the bank upon which it was drawn; but, after some negotiation, etc., it was paid on May 2, 1932.

Appellant did not "enter on the margin of the record of such recorded lien (above herein mentioned, we interpolate) the amount and date of such payment (i. e., partial payments) and the amount of the debt which remains (remained) unpaid at that date which was so secured by the recorded lien" for more than thirty days (i. e., not until June 7, 1932) after the receipt by it of the letter hereinabove quoted; hence this suit.

We will not prolong our remarks by undertaking to catalogue all the details shown in the evidence that to our minds, in this particular case, rendered it natural that appellant should misunderstand what we will call the fifth division of the long sentence in appellee's letter of April 12th, hereinabove set out, which he desires that we hold was sufficient "request in writing," etc., to comply with the terms of the Code section hereinabove quoted, and to subject appellant to the penalty mentioned therein. As a matter of fact, if the request was sufficient, it would not make any difference whether or not appellant misunderstood it.

■ But the Code section in question is highly penal, and must be strictly construed. See Brandon v. Garland, 211 Ala. 150, 100 So. 132.

■ To be sure, our chart, in construing the notice or "request" here involved, with relation to the terms of the Code section relied upon by appellee, is composed of the decisions of the Supreme Court upon similar questions. Code 1923, § 7318. And we have read a great many of them. Perhaps the rule by which we are to be guided is as well stated in the opinion in the case of Royal Lumber Co. v. Elsberry, 185 Ala. 462, 64 So. 71, 72, a case cited by appellee, as at any other place. It is: "It has been repeatedly ruled here that no particular form of words are necessary to constitute a sufficient notice under these statutes [statutes similar in effect to Code 1923, § 9021, supra, we interpolate], and that the request is 'sufficient if the language employed, when fairly and reasonably interpreted, informs the mortgagee [or lien holder etc., we add] that a satisfaction on the margin of the record of the mortgage [or lien] is demanded of him.'"

■ Abiding by that rule, we hold here— appellee's counsel, in his brief filed here, himself referring to appellant's "private records," etc.—that the "notice or request" contained in appellee's letter of April 12th, above, given in the course of his negotiations, etc., with appellant, in regard to the status, etc., of his account with it, to wit: "Please have the record marked satisfied to the amount that is paid," was not such notice, or request, as that "when fairly and reasonably interpreted" it informed appellant that a compliance with its duty under Code 1923, § 9021, supra, was "demanded of it."

It results that the trial court was in error in rendering judgment in favor of appellee. The same is hereby reversed. It appearing that appellant was entitled to recover, and was allowed by the court on its plea of set-off, the sum of $73, balance due it by appellee, under the terms of the hereinabove mentioned contract, it is the order and judg-

ment of this court that appellant do have and recover of the appellee the said sum of $73 for which execution shall issue, etc.

Let the cause be remanded to the lower court that the holdings herein may be complied with.

Reversed, rendered, and remanded.