Russum *v.* Gans *et al.*

(In Banc.  March 24, 1941.)

[1 So. (2d) 235.  No. 34491.]

**M. S. McNeil**, of Hazlehurst, and **L. E. Grice**, of Crystal Springs, for appellant.

**Henley, Jones & Woodliff,** of Hazlehurst, for appellees.

**Anderson, J.,** delivered the opinion of the court.

The parties to this appeal are W. H. Russum on the one hand, and the Interstate Securities Company and Fruehauf Trailer Company on the other. Russum was engaged in truck-gardening in Copiah County in this state, raising vegetables for the market. Charles P. Gans and his wife and Freeman Gans of Kansas City, Jackson County, Missouri, were engaged in the purchase of vegetables in this state and the sale thereof to their customers in Missouri. They transported the vegetables so purchased from this state to Kansas City in a truck with trailer attached. The Gans were residents of the State of Missouri, while Russum was a resident of this state. The Gans became indebted to Russum for vegetables so purchased of him, and defaulted in payment. Russum found in Copiah County the truck and trailer used by the Gans in transporting their vegetables from this State to Missouri. He thereupon sued out a foreign attachment for the debt they were due him, and had it levied on the truck and trailer. The Securities Company and the Trailer Company, the appellees, held purchase-money mortgages on the truck and trailer for indebtedness due them by the Gans. These mortgages were recorded in Jackson County, Missouri, the county in which Kansas City is located, and were prior both in date and recording to the levy of the attachment. The mortgages were not recorded in this state. In carrying on their business, the Gans sometimes had their truck and trailer in Copiah County for two or three days waiting for loads.

· The question is, Which is prior in right against the truck and trailer, the attachment or the mortgages? We are of opinion that the mortgages are. Section 2149 of the Code of 1930 is in this language: "Mortgages, deeds of trust, and other liens on personal property executed out of this state shall only be binding on such property in or when removed into this state, as against creditors and bona fide purchasers without notice, from the time such mortgage, deed of trust, or other instrument, duly acknowledged or proved, or a duly certified copy of the record thereof, shall be delivered to the proper clerk in this state for record."

The governing principles are laid down in 7 Blashfield Cyclopedia of Automobile Law and Practice, Perm. Ed., Sec. 4710, p. 328, and 14 C. J. S., Chattel Mortgages, Sec. 15, p. 608. It is stated thus in the cyclopedia: "Whatever be the rule as to the necessity of re-recording a mortgage on an automobile on its removal to another state than that where the mortgage was given and recorded, such re-recording will not usually be required merely because of crossing the state line in the ordinary use of the automobile. Thus, where a motor truck mortgage is recorded in one state, occasional trips across the state line to a neighboring town in another state, on business errands, does not constitute removal to such other state, requiring recording of the mortgage there."

Vines v. Sparks et al., 148 Miss. 219, 114 So. 322, does not hold to the contrary. The Court expressly pretermitted the decision of this question. The Court said in that case in part: "Subsequently, Vines attached the truck here involved in Wilkinson county, Miss., for the payment of his debt against Sparks. The record does not show how long the truck had been in Wilkinson county, Miss., before it was attached, nor is it expressly shown whether this attached personal property was 'removed into this state,' and thus had a situs here, as contemplated by the statute, supra, or was in the state temporarily, such as passing through the state. The only thing cer-

tain in this regard is that the property was attached while in this state, and that the mortgage on the truck, which had been recorded in Louisiana, was not recorded in Wilkinson county, Miss., as provided by the statute, supra, at the time the attachment was levied. Counsel seem to have carefully left that feature of the case out of their agreed statement of facts.

"In this condition of the record, we must construe the agreed facts to mean that the property involved had been under the statute, 'removed into this state,' and was therefore situated here at the time it was attached in Wilkinson county.

"We thus pretermit the question as to whether or not the statute would be applicable and favorable to an attaching creditor where the personal property is only transitory, or temporarily passing through the state."

Affirmed.