## PATTERSON v. UNIVERSAL, etc. CREDIT CORP.

In Banc. Nov. 8, 1948.

(37 So. (2d) 306)

Mitchell & Hill, for appellant.

**Ebb J. Ford, Jr.,** for appellee.

**McGehee, J.**

On October 31, 1946, the Mobile Motors, an automobile agency of Mobile, Alabama, sold to Elzie Dixon of Pascagoula, Mississippi, a Chevrolet Sedan Automobile, 1941 year model, known as a Master Model, at and for the purchase price of $1,086.15, of which the sum of $294 was paid in cash, leaving a balance of $792.15 payable at the Mobile, Alabama, office of the appellee herein, Universal C. I. T. Credit Corporation, in fifteen successive monthly installments, under the terms of a conditional sales contract duly signed by the said purchaser, Elzie Dixon, at Mobile, Alabama, where the automobile was delivered to him at the time of the purchase thereof.

The conditional sales contract by its terms contemplated that the same would be forthwith assigned by the Mobile Motors to the appellee, Universal C. I. T. Credit Corporation, which was accordingly done at the same time the car was sold and delivered to the said Dixon. This contract disclosed on its face that the purchaser resided at Pascagoula, Mississippi, and the proof discloses without dispute that both the seller and its assignee of the contract then knew that the automobile was to be brought into this State to be kept and used here.

The primary question now involved on this appeal is whether or not the contract of sale in question has the effect of creating in favor of the holder thereof a lien under the Alabama law so as to render applicable Sec. 870 of the Mississippi Code of 1942, which provides that: "Mortgages, deeds of trust, and other liens on personal property executed out of this state shall only

be binding on such property in or when removed into this state, as against creditors and bona fide purchasers without notice, from the time such mortgage, deed of trust, or other instrument, duly acknowledged or proved, or a duly certified copy of the record thereof, shall be delivered to the proper clerk in this state for record.''

The contract provides that ''title to the car is retained by the holder hereof . . ., until said balance is fully paid in money. The car shall be at customer's risk. The holder as creditor of customer is authorized to purchase fire, theft and such other insurance in such forms and amounts as the holder may require. Customer hereby assigns to the holder any moneys not in excess of the unpaid balance hereunder which may become payable under such insurance, . . .'' It contains the further stipulation that if default is made in the payment of the indebtedness the holder of the contract may take possession of the automobile and sell the same at private or public sale, and that the net proceeds shall be credited on the unpaid indebtedness, and that the customer shall receive any surplus thereof. On the back of the said conditional sales contract there is endorsed a guaranty, duly executed by the Mobile Motors, in favor of the said finance company in the following words: ''If you repossess the car, we shall upon demand pay you the then unpaid balance, provided the car is offered to us within 90 days after maturity of the earliest installment remaining unpaid.''

Upon default in the payment of the greater part of the amount due as deferred payments, an affidavit in replevin was filed on behalf of the appellee in the Circuit Court of Jackson County at Pascagoula, Mississippi, against Elzie Dixon, Billy Ray Fisher and the appellant John W. Patterson, wherein the automobile was described as bearing motor number AA13044, being the same number appearing in the description thereof in the conditional sales contract. It was likewise so described in the writ of replevin, and in the judgment appealed from

herein, which ordered the restoration of the automobile to the appellee, motor number AA13044, or the payment of its value in the sum of $800.

The automobile seized by the officer under the writ of replevin bore the motor number of AC13044, and the proof disclosed that the number had not been changed thereon. The automobile was seized while in the possession of the appellant John W. Patterson, who had purchased the same in Jackson County, Mississippi, on March 15, 1947, from his codefendant Billy Ray Fisher under a written bill of sale reciting that it was free of all indebtedness. It was further shown that Billy Ray Fisher had likewise purchased the automobile on December 21, 1946, from Marlin Fisher.

This conditional sales contract had not been filed for record in the Chancery Clerk's office, at Pascagoula, in Jackson County where the car had been kept and used in the meantime, and it is undisputed that the appellant John W. Patterson was an innocent purchaser thereof for value without notice.

 If the conditional sales contract constituted a lien on the automobile within the meaning of the decisions of the Supreme Court of the State of Alabama where it was executed and where the automobile had been sold and delivered, it would follow that the appellant John W. Patterson would be protected as an innocent purchaser for value without notice for the reason that the lien, so executed out of this state, was not recorded as required by Section 870, of the Mississippi Code of 1942, supra, which we have hereinbefore quoted in full. Being an Alabama contract, the question of whether or not it would constitute a lien on the automobile as security for the unpaid purchase price is to be governed by the laws of that State.

In the case of General Motors Acceptance Corp. v. Crumpton, 220 Ala. 297, 124 So. 870, 871, the Alabama Court had under consideration the question of whether

or not the said finance company was the holder of a lien and liable for a penalty of $200 provided for under Section 9021, Alabama Code of 1923, Code 1940, Tit. 47, Sec. 176, in favor of the purchaser of an automobile under a conditional sales contract (wherein the holder of such contract had retained title until the unpaid balance of the purchase price was paid) for the failure, upon request by such purchaser in writing, of the finance company to "enter on the margin of the record of such recorded lien, the amount and date of such payment and the amount of the debt which remains unpaid at that date which was so secured by the recorded lien."

The conditional sales contract there involved provided that "title to said property shall not pass to the purchaser until said amount (the unpaid balance of the purchase price) is fully paid in cash." The Court held that although the statute thus invoked by the purchaser of the automobile for a recovery of a penalty of $200 for the failure to enter on the margin of the record of a recorded lien the amount and date of payment, etc., was a highly penal statute, the finance company was liable as a lien-holder for the penalty so provided for. In that case the court said that under the stipulation of facts and on the face of the contract "the Farrell Motor Company sold and delivered to the plaintiff an automobile, for $892.50, of which sum $282.50 was paid in cash, and the balance secured by a written contract, denominated a 'conditional sale contract,' which was written on a form furnished by the defendant, 'General Motors Acceptance Corporation'; that it was contemplated by the parties that said contract, when executed, together with all of the rights of the seller in the contract, the debt secured thereby, and the property described therein, was to be immediately transferred to defendant, and was so transferred. The contract stipulates that the vendee shall remain liable for the debt in case of loss or destruction, that he shall insure for the benefit of the vendor, and, in the event he fails or refuses to do so,

the vendor may insure the property and charge the cost thereof against the vendee and the property. The contract also stipulates that the vendor, or its assigns, in case of default on any of the payments, or at any time it deems itself insecure, may repossess the property and sell the same, with or without notice, at the risk of the vendee, and apply the proceeds of the sale to the payment of the debt, and hold the vendee liable for any deficiency that may remain unpaid, and, in the event the proceeds of the sale are more than sufficient to pay the debt, the surplus shall be paid to the vendee.

"In the transfer executed by Farrell Motor Company to defendant, the former guarantees the payment of all deferred installments 'and covenants in default of payment of any installment or performance of any requirement thereof by purchaser to pay full amount remaining unpaid to General Motors Acceptance Corporation upon demand.' .

"Taking the contract as a whole, while it provides that 'title to said property shall not pass to the purchaser until said amount is fully paid in cash,' the reservation is of a special property—as a charge on the property as a security for the balance due on the purchase price— vesting in the vendee the general and beneficial ownership with the right of possession and use until default, and though it be conceded that all the indicia of a mortgage are not present, the contract constitutes a lien within the meaning of section 9021 of the Code. Ex parte State (State v. White Furniture Co.), 206 Ala. 575, 90 So. 896."

Again, the Alabama Court in the case of General Motors Acceptance Corp. v. Hamlin, 25 Ala. App. 522, 149 So. 864, held that a conditional sales contract covering the sale of a Frigidaire, and securing the deferred payments due on the purchase price of the same, "served to constitute a lien upon the said Frigidaire within the purview of the Code section (9021, Code 1923 [Code 1940, Tit. 47, Sec. 176]) hereinabove quoted. Gen-

eral Motors Acceptance Corp. v. Crumpton, 220 Ala. 297, 124 So. 870.''

However, the appellee cites and relies upon, among other cases, Harrison v. Broadway Motor Co., 128 Miss. 766, 91 So. 453, 454, 25 A. L. R. 1148, wherein a Tennessee seller retaining the title to an automobile for the balance of the purchase price due under a conditional sale, was permitted to recover the same in an action of replevin against the defendant Harrison in Itawamba County, Mississippi, an innocent purchaser for value thereof in this State. In that case this court stated that the seller ''did not rely upon a Tennessee lien, but relied upon his title to the car to sustain him in recovering the possession thereof. The vendor of personal property can only convey such title as he has, and if the title be in another he conveys none, and the purchaser gets no title.'' The opinion of the court further declares that ''Innocent purchasers for value without notice are not protected in this state or Tennessee against the owner of personal property. Burkhalter v. Mitchell [& McLendon], 107 Miss. 92, 64 So. 967. . . .

Certainly the owner of an automobile may follow it into this state and here enforce his right to possession as against a bona fide purchaser for value without notice the same as could be done between resident citizens of our state. Ownership of personal property is not required to be registered in this state, nor Tennessee, and the rule of caveat emptor applies.''

In the report of the above mentioned case we are not advised as to all of the material provisions of the conditional sales contract but the contention of the seller in its brief therein is that the automobile was removed from Tennessee without the knowledge and consent of the seller, and in direct violation of the criminal law of that state, Shannon's Tenn. Code, Sec. 3670a2, and such contention is unchallenged. Whereas, in the case at bar the automobile was moved into this State with the knowledge and consent of the seller and to be perman-

ently kept and used here. Nor are we advised by the briefs in the case now before us, or otherwise, that the Tennessee Court had then ever construed the contract which was before this court in Harrison v. Boardway Motor Co., supra, to constitute a lien as security for the unpaid purchase money, as the Alabama court has construed the contract similar to the one here involved to be.

In the Burkhalter case, cited, as above shown in Harrison v. Broadway Motor Co., supra, the court pointed out that the contest there was between the maker and the payee of a retained title note, although the opinion stated by way of dicta that contracts of this kind are enforcible even against innocent purchasers for value without notice where there is a bona fide and actual conditional sale. Moreover, the retained title note was executed in this State where the sale and delivery of the mule in question took place. There was no question there in regard to the failure of the holder of a conditional sale contract executed out of this state to have the same recorded in this state in order to be protected against bona fide purchasers here without notice. In other words, the right of a vendor of personal property in this state, under a retained title contract executed here, to recover possession of same either against the purchaser or an innocent purchaser thereof for value is not involved in the case now before us.

We are, therefore, of the opinion that since a conditional sales contract, similar in all material respects to the one involved in the instant case was construed by the Supreme Court of Alabama in the case of General Motors Acceptance Corp. v. Crumpton, supra, to constitute a lien, the title being retained as security, the rights of the appellant John W. Patterson as an innocent purchaser for value are protected by the said Section 870, Mississippi Code of 1942.

We, therefore, do not reach the question as to whether or not this replevin suit would lie without the conditional

sales contract being first reformed so as to describe the automobile as motor number AC13044, which was evidently intended to be described therein and which was actually seized under the writ of replevin herein.

The judgment of the trial court must be reversed and the suit dismissed on the sole ground that the purchaser of the automobile is protected under the said Sec. 870, Mississippi Code 1942, as an innocent purchaser for value without notice.

Reversed and judgment here for the appellant.