CLARK EQUIPMENT COMPANY *v.* POULTRY PACKERS, INC.

No. 43597          January 17, 1966          181 So. 2d 908

*O. B. Triplett, Jr.,* Forest, for appellant.

*Huff & Huff,* Forest; *J. E. Smith,* Carthage, for appellees.

SMITH, J.

This was an appeal from a final judgment of the Circuit Court of Leake County sustaining the priority of an attachment lien acquired by appellee, Poultry Packers, Inc., on two commercial trailers, attached as the property of Farmers' Cooperative Association, over the lien of Clark Equipment Company, the appellant, seller of the trailers, for the purchase money due it under its conditional sales contract with Farmers' Cooperative Association.

The case was tried upon an agreed statement of facts.

Two Brown trailers were sold by appellant, Clark Equipment Company, of Buchanan, Michigan, to Farmers' Cooperative Association, of Steele, Missouri, under a conditional sale contract. The contract was executed on April 30, 1964, at Nashville, Tennessee. The seller delivered the trailers to the buyer at Memphis, Tennessee. From Memphis, with the consent of the seller, the purchaser removed the trialers to its principal place of business in Missouri. From there they were to be used in the purchaser's business of commercial hauling in various states, including Mississippi. Under

the terms of the conditional sale contract, the deferred payments were to be made at Buchanan, Michigan. On May 4, 1964, the trailers were attached while transitorily in Mississippi, by appellee, Poultry Packers, Inc., a Mississippi corporation, for a debt contracted in Mississippi by Farmers' Cooperative Association.

At the time of the attachment, the conditional sale contract had not been recorded in Missouri, the domicile and principal place of business of the purchaser, nor in Mississippi where the trailers were attached.

Appellee, Poultry Packers, Inc., contends, and the court below held, that Missouri law, the lex loci situs, which required recording of conditional sale contracts, should be applied, and that failure to record in Missouri, as required by the Missouri statute, rendered the contract void as to appellee, an attaching creditor of the purchaser in Mississippi.

Appellant's contentions are two-fold — (1) the Missouri recording statute is without extraterritorial effect and apples only to those dealings with the property within the state of Missouri, and that recording in Mississippi was not necessary in order to protect the conditional seller under the rule announced by this Court in Russum v. Gans, 190 Miss. 584, 1 So. 2d 235 (1941), the trailers having been in Mississippi only transitorily; and, (2) the laws of Tennessee apply (the lex loci contractus), and did not require recording, the trailers having been delivered to the purchaser there, and the most significant contacts of the contract having been in that state.

Appellee does not contend that the laws of Tennessee required recording, as the pertinent section of the Tennessee Uniform Commercial Code, Tennessee Code Annotated, Title 47 (1963), did not become effective until July 1, 1964, after the events here under consideration had transpired.

■■■ We have concluded that the lex loci contractus (Tennessee) applies here, and that since the trailers were in Mississippi only transitorily the lien of the conditional seller, the appellant, is superior to that of appellee, the attaching creditor of Farmers' Cooperative Association.

The case here does not involve any element of estoppel. The conditional sale was made subsequent to the incurring of the debt by Farmers' Cooperative Association, which formed the basis of appellee's attachment of the trailers. Neither the possession of the trailers nor their ostensible ownership by the debtor played any part in the extension of credit by appellee to Farmers' Cooperative Association, and nothing in the sales transaction encroached upon appellee's rights or caused a change in its position to its detriment in respect to its claim against Farmers' Cooperative Association.

In United States F. & G. Co. v. Northwest Engineering Co., 146 Miss. 476, 112 So. 581 (1927), the Northwest Engineering Company sold certain dredging machinery to A. V. Wills & Sons, an Illinois corporation. The sale was made in Wisconsin. The machinery was delivered to the purchaser in Coahoma County, Mississippi. The seller, under the conditional sales contract, retained a lien for the purchase money. This contract was executed in Wisconsin. It expressly provided that it should be treated as a Wisconsin contract and that the rights of the parties should be governed by the laws of Wisconsin. The contract was recorded neither in Wisconsin nor Mississippi. After the machinery was delivered in Mississippi, it was attached in Coahoma County for a debt due by A. V. Wills & Sons to the appellants in the case. The Northwest Engineering Company, the seller, interposed a claimant's affidavit and claimed a superior lien under its conditional sales contract. The case was tried upon an agreed statement of facts and resulted in a judgment sustaining the priority of the seller's lien under the contract.

The property having been removed into this state, the Court held that the recording laws of Wisconsin would not be applied in Mississippi, notwithstanding the provisions of the contract, and upheld the priority of the seller's lien under the contract. The Court said that recording laws are not set up for the protection of the parties to recordable contracts. Such laws are to protect third persons dealing with the property in the state where they are in effect.

The Court declined to apply the recording law of Wisconsin in the Mississippi attachment case, upon the ground that such law had no extraterritorial effect, and Mississippi law did not then require recording.

The law regulating conditional sales of personal property is the lex loci contractus, except where it would work an injustice to the citizens of the forum state or would contravene its policy. Only in the latter instance would the law of the actual situs or of the forum prevail over the law of the place of the contract. This was the holding in Patterson v. Universal Credit Company, 204 Miss. 268, 37 So. 2d 306 (1948). In that case, the law of Alabama, where the automobile was sold, required recordation of the contract to protect the seller. The purchaser resided in Mississippi, and the parties knew the automobile was to be removed into this State. Alabama law classified the contract as a "lien". The Court held that Mississippi Code Annotated section 870 (1956) applied, requiring "liens" on personal property executed out of Mississippi and removed into this state to be recorded in this State.

Mid-Continent Finance Corp. v. Grant, 213 Miss. 789, 58 So. 2d 1 (1952), involved the sale of an automobile in Tennessee. The Court held that the Tennessee law governed the contract, that there was no statute requiring recordation of motor vehicles (at that time) in Tennessee; and, therefore, the conditional vendor retained title. In short, the law of the place of the contract

governs its validity and priority of the seller over the rights of third persons without recordation. The applicability of Mississippi Code Annotated section 870 (1956) depends first upon the lex loci contractus.

Another recent case from this jurisdiction, Memphis Bank & Trust Co. v. Blount, 252 Miss. 290, 172 So. 2d 778 (1965), held that recordation of a conditional sale contract of personal property, other than motor vehicles, is not required of the seller. In that case, the question was whether the conditional sale contract of the automobile executed in Tennessee was treated by the law of Tennessee so as to fall within the grouping of ''other liens on personal property'', as that phrase is used in section 870, supra. If Tennessee so construed such contract, then it was necessary that the contract be recorded in Mississippi, when the property was ''removed into this state'' under section 870. A 1955 Tennessee statute required recording of conditional sale contracts of motor vehicles. This was a ''lien'' on personal property under section 870, and was required to be recorded in Mississippi. In the instant case, however, we are not dealing with a motor vehicle but with a trailer. Appellee does not contend it was required to be recorded under Tennessee law.

■■■ Moreover, section 870 does not apply here, since the trailers were only transitorily or temporarily passing through the state, and had not been ''removed into this state.'' See Russum v. Gans, supra.

■■■ ■■■ In summary, we conclude that the lex loci contractus (Tennessee) applies to these trailers. The lex loci situs (Missouri) requiring recordation was without extraterritorial effect; and, therefore, not controlling in this case. Recording was not necessary under the circumstances in this case, either under Mississippi or Tennessee law, in order to protect appellant as conditional seller of the trailers. See Minor, *Conflict of Laws* section 129 (1901).

It does not appear that the parties to this contract intended to contract with reference to the law of a state other than Tennessee, which was the place of the contract. The contract was consummated in Tennessee, delivery of the chattels was made by seller to purchaser in Tennessee, the payments were to be made in Michigan, and neither state required recordation to protect the seller. Moreover, appellee concedes that its position would require an ''extension'' of the rules, not previously stated in Mississippi jurisprudence, to require that this contract should have been recorded in Missouri, and that failure to do so invalidated it as to appellee. This would be inconsistent with the reasoning and basis of the decisions in *Patterson, Grant,* and *Blount,* supra, all of which considered the lex loci contractus as controlling the rights of the parties.

Reversed and judgment rendered for appellant.

*Ethridge, C. J., and Rodgers, Jones and Patterson, JJ.,* concur.