In the Matter of **TUSCALOOSA VENEER CO., Inc.**

In the Matter of **HOWELL INDUSTRIES, INC.**

**PETTIBONE MULLIKEN CORPORATION, Petitioner-Appellant,**

v.

**William B. COMPTON, Receiver, Respondent-Appellee.**

No. 29852.

United States Court of Appeals, Fifth Circuit.

March 2, 1971.

---

Frank T. Williams, Satterfield, Shell, Williams & Buford, Jackson, Miss., for appellant.

Arlo Temple, William B. Compton, Witherspoon & Compton, Meridian, Miss., for appellee.

Before RIVES, THORNBERRY and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Pettibone Mulliken Corporation, the seller of a machine, appeals from a district court order upholding the denial by the Referee in Bankruptcy of its petition to reclaim the machine from the trustee of a bankrupt buyer. This appeal turns on whether the lien created by a conditional sale contract between the claimant and the buyer was executed out of the State of Mississippi. We determine that it was, and we affirm.

The pertinent facts are undisputed. The president of the now bankrupt buyer, a Florida corporation, signed a conditional sale contract covering the subject machine and handed the contract instrument to an agent of the claimant corporation at Meridian, Mississippi. The agent transmitted the document to Chicago, Illinois, where the treasurer of the claimant affixed his signature on its behalf. The instrument was then forwarded by the claimant to the Judge of Probate in Monroe County, Alabama, and it was there placed of record. The contract declared the place of business of the buyer to be Mexia, Alabama (where the buyer corporation operated a mill business), further specified the machine was to be located at Mexia, and the buyer agreed it would not remove the same from Mexia and expressly stated the contract price included 1.5% Alabama State Sales Tax. The document also contained the following provisions:

> "For the sole purpose of resolving any problem of conflict of laws with respect to filing or recording hereof, it is declared and agreed that this instrument shall be deemed to be executed, completed and effective when the property is received at the address at which it is to be located and that questions of filing or recording shall be determined by the law of such place."

The buyer accepted physical delivery of the machine in Alabama. Although an exact date could not be determined, it was established that the machine was moved from Mexia, Alabama to Meridian, Mississippi at sometime after its delivery and, with claimant's full knowledge of its whereabouts, it remained in Meridian, Mississippi from the date it was removed there up to the date of the filing of the petition in bankruptcy. The conditional sale contract was never filed for record in the State of Mississippi.

The Referee in Bankruptcy found the claimant did not hold a lien valid as

against the rights of the trustee because it had failed to comply with Section 870 of the Mississippi Code or 1942, which was then effective,[1] and which provided:

"§ 870. Foreign mortgages on personal property recorded. Mortgages, deeds of trust, and other liens on personal property executed out of this state shall only be binding on such property in or when removed into this state, as against creditors and bona fide purchasers without notice, from the time such mortgage, deed of trust, or other instrument, duly acknowledged or proved, or a duly certified copy of the record thereof, shall be delivered to the proper clerk in this state for record."

While conceding that if the recording requirement is applicable it cannot reclaim, the claimant seeks to make its unrecorded camel go through the statutory needle's eye by asserting that the conditional sale was executed in Mississippi since the bankrupt buyer affixed its signature and delivered the contractual document to claimant's agent in that State. Thus, its reasoning goes, the lien was executed in and not out of this State, so it is not a foreign mortgage and does not have to be filed for record to prime the rights of innocent purchasers for value. Acknowledging that prior to the effective date of the Uniform Commercial Code Mississippi did not require a seller to record notice of retention of title to personal property sold on condition in order to protect his rights in the property against third parties unless Section 870 applied,[2] we do not agree the transaction now before us was outside the ambit of Section 870.

The courts of Mississippi never judicially answered the question of when a lien on personal property became "executed", within the meaning of Section 870. However, there is no need for this Court to make an Erie prediction since Mississippi has ruled on the situs of interstate contract formation, and obviously a contractual lien cannot be created or executed before its natal covenant comes into being. The Mississippi rule is that a contract is made at the time when the last act necessary for its formation is done and at the place where that final act is done or, where the contract is silent, the place of the making of the contract is presumed to be the place of performance. Hartford Accident and Indemnity Co. v. Delta & Pine Land Co., 169 Miss. 196, 150 So. 205 (1933), reversed on other grounds 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178 (1934), reh. den. 292 U.S. 607, 54 S.Ct. 772, 78 L.Ed. 1468 (1934).

■ The lien of the claimant could not have become "executed" merely by the signature of the buyer and the delivery of the form in the State of Mississippi. The subsequent addition of claimant's signature as seller was clearly contemplated. That signature was affixed in Illinois. The express language of the contract and the actions of the parties went further. In specifying Alabama as the buyer's place of business and the place where the machine was to be kept, in charging an Alabama sales tax and in making and accepting delivery of the machine in that State, an Alabama situs was clearly accorded to the formation of the contractual transaction. Since the contract was silent as to the plan where the final act of contract formation was to be done, we hold that the place of making was the place of performance—Alabama. The proof further documents Alabama as the place of lien execution with convincing finality by disclosing the perfection of a lien binding upon innocent third parties in the State of Alabama was accomplished *by the claimant* when it lodged the conditional sale contract with the Judge of Probate for recordation in the county

---

1. The Uniform Commercial Code which repealed Section 870 did not become effective in the State of Mississippi until March 31, 1968. Miss.Code Ann. § 41A:10–101 (Spec. UCC Supp. 1967).

2. See, e. g., Clark Equipment Co. v. Poultry Packers, Inc., 254 Miss. 589, 181 So.2d 908 (1966).

where the contract specified the machine would be located, pursuant to Ala. Code tit. 47, § 131.[3]

The decision that the contract giving rise to claimant's lien was executed in Alabama does not finally resolve the issue of the applicability of Section 870. Mississippi has held that the *lex loci contractus* must classify the contract involved as one creating a lien required to be recorded to be protected against third-party rights, in order to require recordation in Mississippi when the property is removed to that State. Clark Equipment Co. v. Poultry Packers, Inc., *supra* n. 2. Again we are able to rely on definitive Mississippi precedent to decide the case at bar. In Patterson v. Universal C.I.T. Credit Corp., 204 Miss. 268, 37 So.2d 306 (1948), the Mississippi Supreme Court ruled that a conditional sale contract executed in the State of Alabama had to be recorded in Mississippi to protect the seller's lien against third party rights when the subject property was removed into the State of Mississippi. Inasmuch as the claimant knew that the bankrupt buyer had removed the subject machine from the State of Alabama into the State of Mississippi, its failure to place its conditional sale contract of record in Mississippi can only mean that the lien created by their contract was not binding upon the trustee in bankruptcy. The district court correctly determined that the claimant's petition for reclamation should be denied.

Our decision of this issue makes it unnecessary to reach the trustee's secondary contention that the running of the period of time provided by section 266, Mississippi Code of 1942, which requires recordation to protect lein rights in personal property allowed to remain in the possession of another for more than 36 months, was not interdicted by the provisions of 11 U.S.C.A. § 29(f) (1966).

Affirmed.

3. The Alabama Uniform Commercial Code has now repealed this section but that Code did not become effective until December 31, 1966, Ala.Code tit. 7A, § 10–101. This date was subsequent to the instant recordation.